Edward V. Strodl, Appellant, *v.* The Farish-Stafford
Company, Respondent.[*]

(Supreme Court, Appellate Term, May, 1910.)

Former adjudication — Adjudications operative as bar or as conclusive
    evidence — Rule that former judgment must have been on the merits
    — Dismissal on the merits.

> Strictly speaking there is no such thing as a dismissal on the
> merits of a complaint in an action at law on a trial before a court
> and a jury. The appropriate proceeding is the direction of a
> verdict in favor of defendant.

> The error, however, is regarded as one of form only, and the
> judgment roll will be examined to ascertain what the actual ruling
> may have been.

> In an action for the purchase price of shares of stock of the
> defendant company held by plaintiff who was an employee claiming
> under a contract from defendant to purchase his shares whenever
> he might leave its employ, the defendant interposed a plea of
> *ultra vires* and a counterclaim on a note made by plaintiff in part
> payment of the stock. After plaintiff had rested, defendant put
> in evidence the statute of Connecticut where it was incorporated
> and rested. Held that defendant's motion to dismiss the complaint
> on the merits was properly granted.

---

* See 65 Misc. Rep. 625.—[Rep.

APPEAL by the plaintiff from an order of the City Court of the city of New York, amending a judgment dismissing the complaint by adding the words " upon the merits." The trial took place before a judge and a jury.

Edward Kellogg Baird, for appellant.

Elbridge L. Adams, for respondent.

BIJUR, J. The action was for the purchase price of shares of stock of the defendant company, held by plaintiff, who was an employee and who claimed a contract from defendant to purchase his shares whenever he might leave its employ. The defense included the plea of *ultra vires*. Defendant also interposed a counterclaim on a note made by plaintiff in part payment of these shares.

After plaintiff had rested, defendant introduced the statute of Connecticut (where defendant is incorporated) and rested. Defendant then moved to dismiss the complaint and asked for an affirmative judgment on its counterclaim, based on admissions in the reply. Both requests were granted.

We are not concerned, on this appeal, with the correctness of the judgment below, or the accuracy of the rulings on the admission and exclusion of evidence, but only with the question whether the complaint was " dismissed on the merits."

Strictly speaking, there is no such thing as a dismissal on the merits of a complaint in an action at law on a trial before a court and a jury. The appropriate proceeding is the direction of a verdict in favor of defendant. Harris v. Buchanan, 100 App. Div. 403, 404; Niagara Fire Ins. Co. v. Campbell Stores, 101 id. 400, 401, 402; Stumpf v. Hallahan, 101 id. 383, 387, 388; Molloy v. Whitehall-Portland Cement Co., 116 id. 839, 840, 843; Peggo v. Dinan, 72 id. 434, 435.

There is much confusion in interpreting the decisions on this point, due to failure to note whether the cases were in equity or at law; or, if the latter, whether tried by a court

without a jury, or not. In trials in equity, or by a court without a jury, a judgment of dismissal, under section 1209 of the Code, would be merely a non-suit. The addition of the words "upon the merits" is necessary, if so intended. See Deeley v. Heintz, 169 N. Y. 129, 133; Ware v. Dos Passos, 162 id. 281, 283; Trimble v. New York C. & H. R. R. R. Co., 162 id. 84.

The error, however, even in trials by jury, seems to be regarded as only one of form; and the judgment roll will be examined to ascertain what the actual ruling may have been. Stumpf v. Hallahan, *supra;* Niagara Fire Ins. Co. v. Campbell's Stores, *supra;* Dillon v. Cockcroft, 90 N. Y. 650.

In the case at bar, the judgment was rendered after both sides had rested, and the defense is of a character to completely defeat plaintiff's cause of action. It was, therefore, proper for the judge presiding at the trial to have directed a verdict for the defendant.

Consequently, with the qualification above expressed as to the regularity of the practice, the order is affirmed, with ten dollars costs and disbursements.

Seabury and Guy, JJ., concur.

Order affirmed.