(71 Misc. Rep. 519.)

### GUNDERSON v. EASTERN BREWING CO.

(Supreme Court, Trial Term, Kings County. April, 1911.)

1. MASTER AND SERVANT (§ 302*)—TORTS OF SERVANT—LIABILITY OF MASTER.
   Where a boy, riding on a delivery wagon by permission of the driver, is killed by the negligence of the driver, the master is not liable.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225; Dec. Dig. § 302.*]

2. MASTER AND SERVANT (§ 88*)—INJURY TO SERVANT—RELATION OF PARTIES—INVITATION OF FELLOW SERVANT.
   Where a driver of a delivery wagon, being unfamiliar with the route, asks a boy to go with him and show him the way, the boy becomes an emergency servant, and a fellow servant of the driver; but the master is not liable for his negligence, whereby the boy is injured.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–152; Dec. Dig. § 88.*]

Action by Gunder Gunderson, administrator of Gunder Gunderson, deceased, against Eastern Brewing Company. Verdict for plaintiff. Motion for new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

130 N.Y.S.—50

Edward J. Byrne, for plaintiff.
Grant C. Fox, for defendant.

KAPPER, J. The evidence permitted the jury to find that the defendant's driver was unfamiliar with his route, it being his first day's work as a driver for the defendant; that while on the route he met the plaintiff's intestate, a boy of 14, whom he requested to get upon the wagon to show him the way, which the boy did, and that while proceeding along, the wagon became caught in a heavy, sandy road whereupon the driver so whipped the horses as to cause them to jump and to jerk and sway the wagon, and to throw the boy to the street, whereby he was run over by the wagon wheels and killed. It would also have been the jury's province to find from the evidence that the boy was not invited on the wagon by the driver for the purpose asserted by the plaintiff, or for any purpose, but that he was there simply because he asked for, and the driver did not refuse to let him have, a ride.

[1] The court charged the jury that, if the boy was riding for his own convenience or pleasure, the defendant owed him no legal protection against the negligent act of the driver, but that, if the driver's unfamiliarity with his route caused him to call upon the boy for assistance and this emergency call was within the scope of the driver's employment, the defendant was liable, if the boy's death was due to the driver's negligence in the management of the team and wagon. The defendant asked a dismissal at the close of the plaintiff's case, and again at the close of the whole case, upon the ground that the boy and the driver were fellow servants. The denial of the motions was error.

[2] From what has been said, it is plain that the boy was on the wagon either in pursuit of a gratuitous ride to please his own fancy, or for the purpose of assisting the driver in his work. The jury under the charge found that the latter situation existed. This made him an emergency servant, and, therefore, a fellow servant of the driver, for whose negligence under the circumstances the defendant does not have to respond. The subject was fully considered in Cannon v. Fargo, 138 App. Div. 20, 122 N. Y. Supp. 576, where the rule was laid down that a person lending aid to the servant of another at the servant's request, under circumstances creating a necessity for help, becomes an emergency employé of the servant's master and, if he be injured by the negligence of the servant in some detail of the work, he cannot recover of the master.

In Labatt on Master and Servant (volume 2, § 531) it is said:

"A person suing for injuries received in the performance of work undertaken by him as a volunteer is placed in this dilemma: That, if the evidence shows that he was not authorized to perform, as a servant, the work in question, the party for whom the work was done owed him no obligations as a master; while, on the other hand, if his claim to be put on the footing of a servant is admitted, the doctrine of common employment operates as a bar to his recovery. The latter alternative arises where the injured person was an emergency assistant hired by an employé who had, under such circumstances, authority to engage him, although ordinarily he was not invested with any such power, or where the services although voluntarily offered in the first instance were accepted by the master's agent."

The motion to set aside the verdict and for a new trial is granted; and, as the defendant is entitled to a new trial as a matter of right, because of legal error, $10 costs of motion to abide the event is all that can be awarded to the plaintiff on this motion. Smith v. City of New York, 55 App. Div. 90, 66 N. Y. Supp. 1046.

Motion granted.