(77 Misc. Rep. 103.)

## NUDELMAN v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Term.   June 21, 1912.)

1. JUDGMENT (§ 562*)—RES JUDICATA—JUDGMENT ON THE MERITS.

A judgment reciting that, a jury having been impaneled, and the attorney for plaintiff having thereafter stated that he had no witnesses in court, and that he had not subpœnaed any witnesses, and the attorney for defendant having moved for a dismissal of the complaint, defendant is awarded judgment against plaintiff upon the merits, is not res judicata, because it is not on the merits, notwithstanding the recital.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1009; Dec. Dig. § 562.*]

2. MASTER AND SERVANT (§ 302*)—NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

Where a driver of defendant asked plaintiff to watch the horse while goods were delivered, and promised to give plaintiff a ride in return, and the driver, on returning to the wagon, told plaintiff to step upon the step, plaintiff, who stepped on the wagon, was a licensee, and entitled to recover for injuries caused by the negligence of the driver.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1217–1221, 1225, 1229; Dec. Dig. § 302.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Jacob Nudelman, an infant, by Hyman Nudelman, his guardian ad litem, against the Borden's Condensed Milk Company. From a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, he appeals. Reversed, and new trial granted.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Bershad & Gossett, of New York City, for appellant.
Thomas M. Rowlette, of New York City, for respondent.

BIJUR, J. The facts in this case are simple. Defendant's driver asked plaintiff to watch his horse while he delivered some goods, and promised to give him a ride in return therefor. When he returned to his wagon, he told the boy to step upon the step, and then drove rapidly over the stones. The boy called to him that he was in danger; but the driver, without slacking, told the boy to jump off, which the boy did not do, but was finally jolted off and injured. The dismissal of the complaint was based by the learned court below expressly on two considerations.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 1. That a judgment entered in the federal court between the same parties was res judicata in favor of the defendant. That judgment, so far as it is material, recites:

"A jury having been impaneled, *and the attorney for the plaintiff having thereafter stated that he had no witnesses in court, and that he had not subpœnaed any witnesses on behalf of the plaintiff,* and the attorney for the defendant having moved for a dismissal of the plaintiff's complaint, * * * defendant is awarded judgment against the plaintiff *upon the merits.*"

Notwithstanding the recital that said dismissal was upon the merits, it is evident that it was not. See Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800; Kaplan v. Friedman Const. Co., 148 App. Div. 14, 132 N. Y. Supp. 233; Strodl v. Farish-Stafford Co., 67 Misc. Rep. 402, 122 N. Y. Supp. 609; McDonald v. Hygienic Ice & Refrigerating Co., 148 App. Div. 539, 132 N. Y. Supp. 857.

[2] 2. That this case is controlled by Gunderson v. Eastern Brewing Co., 71 Misc. Rep. 519, 130 N. Y. Supp. 785. In that case, however, it was pointed out that the jury had, under the charge, determined that the boy was on the wagon—

"for the purpose of assisting the driver in his work. * * * This made him an emergency servant, and therefore a fellow servant of the driver, for whose negligence under the circumstances the defendant does not have to respond."

In the case at bar, whatever service the plaintiff had been called upon to render was completed before he went upon the wagon, and he was not, therefore, at that time a fellow servant, but a licensee, and entitled to recover for injuries caused by the negligence of defendant's driver. See Grimshaw v. L. S. & M. S. Ry. Co. (Court of Appeals) 98 N. E. 762.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.