Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MAUD TILLBURG, Widow, and of Minor Children, Respondents, for Compensation to Themselves under the Workmen's Compensation Law, for the Death of FRANK TILLBURG, *v.* McCARTHY & TOWNSEND, Employers, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 25, 1917.

Workmen's Compensation Law — authority of employee to engage helper — employment in connection with oil and gas wells — death caused by bursting fly wheel of gas engine — when award cannot be made under prior statute — employment not classed as hazardous — operation of engine incidental to occupation not hazardous.

Where a person employed for a portion of his time in operating oil and gas wells had apparent authority to hire such incidental help as might be necessary and. requested another person, not otherwise employed, to help him

put a fly wheel upon an engine and both persons were killed by the bursting of the fly wheel, the person incidentally employed was in the employ of the owners of the wells.

But the dependents of the employee rendering the incidental service are not entitled to an award under the Workmen's Compensation Law where at the time of the accident the operation of oil and gas wells was not classed as a hazardous employment by the existing statute.

Under the circumstances an award cannot be made under group 22 of section 2, which at the time of the accident included the " operation and repair of stationary engines," for the owners of the gas wells were not engaged in the operation or repair of stationary engines for pecuniary gain and the repair of the gas engine was merely an incident to an occupation which the law at that time did not regard as hazardous.

LYON and COCHRANE, JJ., dissented.

APPEAL by the defendants, McCarthy & Townsend and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 2d day of November, 1916.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to Commission, for the respondents.

WOODWARD, J.:

McCarthy & Townsend were engaged in the production of oil and gas on the 7th day of November, 1915, at or near Allentown. On that day one Bacon, the man employed by McCarthy & Townsend to pump one of their wells, and whose employment only required a small part of his time, for which he was paid seven dollars per month, found Frank Tillburg at the village post office and requested Tillburg to help him. Tillburg said he would, and the two men started in the direction of the McCarthy & Townsend oil lease. Tillburg appears to have had no regular occupation, but picked up odd jobs about the village, and sometimes helped about oil leases. Shortly after the two men disappeared in the direction of the lease an explosion was heard, and people running to the scene found both Bacon and Tillburg dead; the fly wheel of the gasoline engine, used in pumping the oil well, had exploded,

producing the above result. It appears that the purpose of this incidental employment of Tillburg was to assist Bacon in putting a fly wheel upon the engine, and it is supposed that after the fly wheel was in place the engine was started up and that the explosion occurred by reason of the displacement of a bolt.

We think there is no merit in the contention of the insurance carrier that Tillburg was not in the employ of the owners of the lease; Bacon appears to have had authority to hire such incidental help as might be necessary in the operation of the lease. The difficulty we find in approving of this award is the fact that at the time of this accident, in the year 1915, the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) did not classify the operation of oil and gas wells as hazardous; the amendment of the act, by chapter 622 of the Laws of 1916, to include such operation in group 18 of section 2, serves to emphasize the fact that McCarthy & Townsend, in 1915, were not conducting a hazardous business under the statute. It is suggested, however, that at that time group 22 of section 2 included " operation and repair of stationary engines and boilers, not included in other groups," and that the purpose of Tillburg's employment was the repair of the gas engine upon this lease. The suggestion would not be without force, except for the fact that McCarthy & Townsend were not engaged in the operation or repair of stationary engines for pecuniary gain; this repair of the gas engine was incident to an occupation which the law did not at that time regard as hazardous. Tillburg was engaged by McCarthy & Townsend, and because they were not engaged in a hazardous occupation, as defined by the statute, their employee could not come within the definition of an employee as used in the Workmen's Compensation Law. An employee under that act " means a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same upon the premises or at the plant, or in the course of his employment away from the plant of his employer," and a hazardous employment means " a work or occupation described in section two of this chapter." (Workmen's Compensation Law, § 3.) In *Matter of Bargey* v. *Massaro Macaroni Co.*

(218 N. Y. 410) this question appears to have been finally disposed of, and it is fatal to this award.

The award should be reversed.

All concurred, except LYON and COCHRANE, JJ., who dissented.

Award reversed and claim dismissed.