## STATE EX REL. GEORGE B. NIENABER v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

November 30, 1917.

No. 20,698.

**Workmen's Compensation Act — assistant to driver within act.**

1. Relator was engaged in the retail sale and delivery of coal and other fuel; one of his wagons loaded with coal for delivery to a purchaser became mired and the team hitched thereto was unable to remove it; the driver in charge thereof requested plaintiff, who was passing the scene, to assist in releasing the wagon, and in complying with the request plaintiff was injured.

It is *held* that, though not otherwise in relator's employ, plaintiff was its servant and employee in rendering the assistance stated; that the driver in charge of the wagon so mired had implied authority to employ him for the temporary purpose, and plaintiff is entitled for the injury suffered by him in rendering the assistance to appropriate relief under the Workmen's Compensation Act.

**Same — compensation authorized.**

2. The compensation allowed by the trial court is within the evidence and justified by the statute.

Upon the relation of George B. Nienaber the supreme court granted its writ of certiorari directed to the district court for Ramsey county and Honorable Charles S. Haupt, one of the judges thereof, to review the proceedings in that court under the Workmen's Compensation Act brought by John Antil, as employee, against the City of St. Paul and George B. Nienaber, as employers. Affirmed.

*Raymond N. Caverly,* for relator.

*C. B. Schmidt,* for respondents.

BROWN, C. J.

Certiorari to review a judgment in proceedings under the Workmen's Compensation Act.

[1] Reported in 165 N. W. 268.

The facts are not in dispute and are as follows:

Relator, defendant in the proceeding, was at the time in question engaged in the coal and fuel business in the city of St. Paul, and in the conduct thereof had in his employ drivers who with teams and wagons owned by relator carted and delivered coal and other fuel to customers residing in various parts of the city. On June 9, 1917, one of relator's wagons, loaded with coal for delivery, became so mired in the mud of one of the outlying streets that the horses were unable to move it. Plaintiff was in the employ of the city as a street sprinkler, driving his own team. In the course of his work he came up to the mired load of coal, and at the request of relator's driver attempted to assist in getting the same out of the mud. To that end he hitched his team in front of the team attached to the coal wagon, and in urging the horses forward one of them stepped upon and crushed and seriously injured plaintiff's foot and ankle.

The trial court found on the facts stated that relator's driver had implied authority, in the emergency confronting him, to employ plaintiff for the service stated, and that by the employment plaintiff became for the time being an employee of relator and entitled to the benefit of the statute. Compensation was awarded accordingly.

The majority of the court concur in the conclusion of the trial court. The driver of the coal wagon was engaged in the discharge of the duties of his employment, was confronted with an emergency, relief from which required assistance, and was within his implied authority in employing plaintiff to render the necessary help. The service rendered, though casual standing alone, was in the usual course of relator's business, and therefore within the statute. Paul v. Nikkel, 1 Cal. I. A. C. 648; Ginther v. Knickerbocker Co. 1 Cal. I. A. C. 458. As to the implied authority of the driver and the relation thereby created between plaintiff and relator, see Gunderson v. Eastern Brew. Co. 71 Misc. 519, 130 N. Y. Supp. 785; Brooks v. Central Sainte Jeanne, 228 U. S. 688, 33 Sup. Ct. 700, 57 L. ed. 1025. The compensation awarded, namely, $9 per week during the period of disability, not exceeding 300 weeks, is within the evidence, and the assignments of error challenging the same are not sustained.

From the conclusion that plaintiff by the facts stated became an

employee of relator within the meaning of the compensation act, and therefore entitled to compensation for the injury received by him, I respectfully dissent. In my view of the matter, in assisting relator's driver out of the mire, plaintiff acted the part of the Good Samaritan, a kindly volunteer, and not as an employee of relator within the meaning of the compensation act.

Judgment affirmed.