INDUSTRIAL ACCIDENT BOARD ET AL., APPELLANTS, *v.* BROWN BROTHERS LUMBER CO. ET AL., RESPONDENTS.

(No. 6,711.)

(Submitted October 7, 1930. Decided November 8, 1930.)

[292 Pac. 902.]

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* for Appellants, submitted a brief; *Mr. Davidson* argued the cause orally.

*Mr. E. C. Day,* for Respondent Maryland Casualty Company, submitted a brief; *Mr. J. R. Wine* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal from a judgment of the district court setting aside an order of the Industrial Accident Board.

The facts are that Brown Brothers Lumber Company, which carries on a general building material business at Helena, using trucks for the delivery of the material it sells, had occasion to deliver a load of cement to a customer at Corbin on July 7, 1929. Accordingly, one of its regular truck drivers, Martin Foley, was dispatched upon that errand. Having delivered the cement at Corbin, Foley started back to Helena, but upon the return trip, at a point near Clancy, the truck was forced from the road and became mired in a mud-hole. Being unable to get it back on the road, Foley went to Clancy, where he hired Anderson, who is a blacksmith at that place, to help him. While assisting Foley in an attempt to extricate the truck, Anderson was injured.

The Industrial Accident Board found that the work done by Anderson for the lumber company was within the usual course of trade, business, profession, or occupation of the lumber company, and that Anderson was entitled to compensation. Thereupon the Maryland Casualty Company, insurance carrier for the lumber company, appealed to the district court, which, after trial, entered judgment setting aside the award of the board and ordering the case dismissed. From that judgment the claimant and the Industrial Accident Board have appealed.

The arguments of respective counsel in this court proceed upon the assumption that Anderson was an employee of the lumber company at the time of the accident, but differ upon the question: Was he an employee within the contemplation of the Workmen's Compensation Act?

Essentially the contentions of counsel revolve about the district court's findings, which are: (1) Claimant's employment was of a casual nature, and (2) claimant's em-

ployment "was not in the usual course of trade, business, profession or occupation of the employer."

The term "casual" has caused the courts much trouble. We find it used in section 2837, Revised Codes 1921, as originally enacted, and also in that section as amended by Chapter 121 of the Laws of 1925, section 1, wherein it is prescribed that the provisions of section 2837, which deprive employers of certain common-law defenses in personal injury actions shall not apply to "actions to recover damages for personal injuries sustained by * * * persons whose employment is of a casual nature." Whatever may be the meaning of the term as employed otherwise than in connection with our Workmen's Compensation Act, it is defined for us in section 2888 of that Act in this language. "'Casual employment' means employ-. ment not in the usual course of trade, business, profession, or occupation of the employer." (*Miller* v. *Granite County Power Co.*, 66 Mont. 368, 213 Pac. 604.)

Section 2863, defining "employer" and "workman," originally did not include the term, but it is used in an important sentence in that section as amended by Chapter 121, supra, but whether in contemplation of the existence of section 2888 is not clear.

Section 2863, as amended, reads: "'Employee' and 'workman' are used synonymously and mean every person in this state, including a contractor other than an 'independent contractor' who is in the service of an employer as defined by the preceding section, under any appointment or contract of hire, expressed or implied, oral or written, including aliens and also including minors, whether lawfully or unlawfully employed, and all who are connected with or engaged in hazardous occupations of the elected and appointed paid public officers and officers and members of boards of directors of quasi public or private corporations while rendering actual service for such corporations for pay but excluding any person whose employment is both casual and not in the courses of the trade, business, profession or occupation of his employer and also excluding any employee engaged in household, domestic

service, farm, dairy, agricultural, viticultural or horticultural labor, in stock or poultry raising, except as hereinafter provided.''

''The usual course of trade, business, profession, or occupation of the employee'' does not differ materially from the ''courses of the trade, business, profession or occupation of his employer.'' Under section 2888, if the employment is in the usual course of trade or business, it is not casual. Therefore, if the employment is in the course of trade or business, the term ''casual'' may be disregarded.

In the absence of a statutory definition of the term ''casual,'' it is held under a statute similar to section 2863, as amended, that a workman can recover compensation, even though his employment is casual, if the employment is in the usual course of his employer's business. (*Caca* v. *Woodruff*, 70 Ind. App. 93, 123 N. E. 120; *Johnson* v. *Asheville Hosiery Co.*, 199 N. C. 38, 153 S. E. 591.)

Under a statute which excludes from the operation of the Workmen's Compensation Act all persons ''whose employment is but casual and not in the usual course of trade, business * * * or occupation of his employer,'' it is held that ''the mere fact that the employment is casual is not enough to exclude an employee from the count; to accomplish that result, the employment must also be 'not in the usual course of trade, business * * * or occupation of his employer.' (*Hoshiko* v. *Industrial Commission*, 83 Colo. 556, 266 Pac. 1114, 1116; *Lackey* v. *Industrial Commission*, 80 Colo. 112, 249 Pac. 662.'' (*Comerford* v. *Carr*, 86 Colo. 590, 284 Pac. 121, 122, and see *Sgattone* v. *Mulholland & Gotwals*, 290 Pa. 341, 58 A. L. R. 1463, 138 Atl. 855.)

With the elimination of the term ''casual,'' the main basis of the argument of counsel for the casualty company is swept away.

Was Anderson's employment in the course, or usual course, of the employer's business? Unquestionably the truck was driven to Corbin in the course of the employer's business and it was just as essential to get it back to Helena as it was

to drive it to Corbin. It was Foley's duty to drive it to Corbin and to return it to Helena, and it was as much a part of his duty to get the truck out of the mud and back on to the road as it was to drive it from and to his employer's place of business. Being unable to get the truck out of the mud alone, he acted within his authority in procuring the service of Anderson. Indeed, as Mr. Brown, secretary of the lumber company, testified, it was expected that Foley would obtain help in such an emergency. When Foley telephoned Brown the truck was in the mud and he had been unable to extricate it, Brown told him to get more help, as the company had to have the truck at Helena—it was the company's most important truck—next morning. The fact that Anderson's employment was temporary, casual it might be termed in the absence of statutory definition, is not important. The important fact is that Anderson was employed to work for the lumber company in the course of his employer's business. (*Tillburg* v. *McCarthy & Townsend,* 179 App. Div. 593, 166 N. Y. Supp. 878; *State ex rel. Nienaber* v. *District Court,* 138 Minn. 416, L. R. A. 1918F, 200, 165 N. W. 268.) An exhaustive search has not disclosed any cases to the contrary.

The Minnesota case last cited is very like this one upon the facts. While criticised because it assumes the existence of the relation of master and servant, its soundness upon the point to which it is here cited is not questioned. (Harper on Workmen's Compensation, sec. 117.)

An injury is received in the course of the employment when it comes while the workman is doing the duty which he is employed to perform. (*McNicol's Case,* 215 Mass. 497, L. R. A. 1916A, 306, 102 N. E. 697.)

As the supreme court of Iowa said in *Eddington* v. *Northwestern Bell Tel. Co.,* 201 Iowa, 67, 202 N. W. 374, 377, "the clear objective of the Compensation Act is to protect the employee against the hazards of the employer's trade or business. When the relation of employer and employee is established, and when the employee is subjected to the hazards of his employer's trade or business, and suffers injury therefrom

while so engaged, in the due course of his employment, the excepting proviso of the statute ought not to be enlarged by difficult or doubtful construction so as to render such an injury noncompensable." (And see *Utah Copper Co.* v. *Industrial Commission of Utah,* 57 Utah, 118, 13 A. L. R. 1367, 193 Pac. 24.)

In view of the law, the award made by the Industrial Accident Board must be sustained. The judgment is reversed and the cause remanded to the district court, with instructions to enter a judgment affirming the findings and award of the Industrial Accident Board.

ASSOCIATE JUSTICES FORD and ANGSTMAN concur.

JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.