COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia


JOYE ANNETTE COMPTON-WALDROP, DECEASED
                                          OPINION BY
v.        Record No. 2385-94-1    JUDGE SAM W. COLEMAN III
                                        NOVEMBER 14, 1995
CITY OF VIRGINIA BEACH POLICE DEPARTMENT

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Michael A. Kernbach for appellant.

        Charles B. Miller, Assistant City Attorney
        (Office of the City Attorney, on brief),
        for appellee.


     In this workers' compensation appeal, the commission denied death benefits under Code § 65.2-512 to the statutory beneficiary of Joye Annette Compton-Waldrop, deceased.  The commission held that the decedent was not an employee of the City of Virginia Beach Police Department as defined by Code § 65.2-101 ("Employee") of the Workers' Compensation Act (Act).  The claimant contends that Compton-Waldrop was an employee of the City under the "emergency employee" doctrine because she had been "deputized" to assist an auxiliary police officer with an emergency rescue.  We hold that because the City of Virginia Beach had passed a resolution extending its workers' compensation coverage to members of its auxiliary police force, when Compton-Waldrop was required to assist the auxiliary police officer in the rescue, she became an ad hoc member of the auxiliary police force and thereby became an "employee" under the Act by virtue of

Code § 65.2-101 ("Employee") Subsection (1)(l).  Accordingly, we reverse the commission and remand the claim for entry of an award in accordance with this holding.

Joye Annette Compton-Waldrop worked as a restaurant manager.  After an evening shift, she and a co-worker, Martin Egert, drove several employees home.  Thereafter, Compton-Waldrop and Egert witnessed a serious two-car collision.  They stopped and began rendering assistance to the injured occupants of the wrecked vehicles.  While doing so, a City of Virginia Beach Auxiliary Police officer, George W. Starr, arrived and took control of the accident scene.[1]

Initially, Officer Starr ordered everyone to the side of the roadway.  Moments later, however, he directed Egert, Compton-Waldrop, and another gentleman to assist him.  He told Egert to direct the headlights of his car to illuminate the accident scene and then to take a flashlight and reflective vest to alert oncoming drivers of the accident.  Officer Starr told Compton-Waldrop to assist him with an injured person lying in the roadway who appeared confused.  Officer Starr said to Compton-Waldrop, "Ma'am come here, I need some help with this man."  Compton-

---

[1] Code §§ 15.1-159.2(A) and 15.1-159.5 define the authority of auxiliary police officers.  Code § 15.1-159.2(A) provides that an auxiliary police officer, "when called into service . . . shall have all the powers and authority and all the immunities of constables at common law."  Although the record does not specifically address whether Officer Starr had been "called into service" by the City of Virginia Beach at the time, he was in uniform, and it appears from the record that the parties do not dispute that Starr was in service as an auxiliary officer.

Waldrop responded and went onto the traveled portion of the highway to assist the officer.  As Egert was walking up the roadway, a car sped past him and struck Compton-Waldrop and Officer Starr, killing both.

Whether a person is an employee under the Workers' Compensation Act is a question of law, reviewable on appeal.  Humphries v. Thomas, 244 Va. 571, 574, 422 S.E.2d 755, 756 (1992).  Because the right to recover under the Act is purely statutory, the legislature has exercised its authority to define who is and who is not an employee.  Code § 65.2-101 ("Employee"); see Barksdale v. H.O. Engen, Inc., 218 Va. 496, 498-99, 237 S.E.2d 794, 796 (1977).  Code § 65.2-101 defines the term, "Employee" in subsection (1)(1) as "[e]very person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, . . . in the usual course of the trade, business, occupation or profession of the employer."  In addition to the foregoing general definition, Code § 65.2-101 also identifies specific groups or classes of persons who are "employees" under the Act.  Thus, an individual is covered by the Act only if he or she qualifies as an "employee" under subsections 1(b) through (q) or is in the service of another under a written or implied contract of hire or apprenticeship in the usual course of the employer's trade, business, occupation or profession.

The claimant contends that Compton-Waldrop became an

employee of Virginia Beach when Officer Starr required that she assist him in an emergency rescue of an injured motorist.  In invoking the "emergency employee" doctrine, a principle recognized in a number of jurisdictions, see, e.g., State ex rel. Nienaber v. District Court of Ramsey County, 165 N.W. 268, 268 (Minn. 1917), she argues that Officer Starr made Compton-Waldrop a deputy subject to his command and control.  See also 1B Arthur Larson, The Law of Workmen's Compensation § 47.42(c) (1995); Annotation, Implied Authority of Servant to Employ Another in Emergency So As to Create Relation of Master and Servant, 76 A.L.R. 963, 971(c) (1932).  Consequently, because the power to control a person's actions is the most significant factor in defining a master-servant or employment relationship, Intermodal Servs., Inc. v. Smith, 234 Va. 596, 601, 364 S.E.2d 221, 224 (1988), Compton-Waldrop became a deputy, and thus, an employee under Code § 18.2-463 and the doctrine of posse comitatus.

Code § 18.2-463 provides that if a person, on being required to assist a law enforcement officer, refuses or neglects to assist in any case of rescue, the person shall be guilty of a Class 2 misdemeanor.  The statute is founded in the common law doctrine of posse comitatus.

> [A]s in the days of Edward I, the citizenry may be called upon to enforce the justice of the state, not faintly and with lagging steps, but honestly and bravely and with whatever implements and facilities are convenient and at hand.

Babington v. Yellow Taxi Corp., 164 N.E. 726, 727 (N.Y. 1928).

-4-

> This power of the sheriff, or his deputy,
> to summon aid in a proper case, in enforcing
> the criminal laws, is not open to question.
> It is of ancient origin and in the early days
> of our country's growth often was exercised.
> More recently, with the organization in
> almost every state of state-wide police
> agencies and the development in each county
> of the various states of a larger and better
> integrated sheriff's force, the occasion for
> resorting to the posse comitatus has
> diminished greatly. Nevertheless, the power
> is there. The sheriff may make the call and
> the citizen will ignore it at his peril.

Eaton v. Bernadillo County, 128 P.2d 738, 742 (N.M. 1942).

The commission made no factual finding about whether Starr ordered Compton-Waldrop to assist him in the emergency rescue. However, the evidence proves, at a minimum, that Officer Starr required the three bystanders to assist him in securing the accident scene and in attempting to rescue the injured motorist. Thus, we find that Compton-Waldrop was required to assist Officer Starr subject to penalty under Code § 18.2-463 and, therefore, became an ad hoc member of the auxiliary police force.

Although Compton-Waldrop was legally obligated under Code § 18.2-463 to assist the rescue effort and was an ad hoc member of the auxiliary police force, the fact that Officer Starr could control her actions does not alone render her an employee of Virginia Beach for purposes of the Workers' Compensation Act. The purpose of the Workers' Compensation Act is to compensate an "employee" who is injured during and as a result of the employment, in an amount based upon a portion of the injured employee's average weekly wage. "Generally, 'a person is an

-5-

employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.'"  Intermodal, 234 Va. at 601, 364 S.E.2d at 224 (quoting Richmond Newspapers v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)).  Whether a person is an "employee" depends upon whether the person meets the definition under the Act, not whether the person satisfies a common-law definition of master-servant as a result of Code § 18.2-463 or the doctrine of posse comitatus.  Charlottesville Music Ctr., Inc. v. McCray, 215 Va. 31, 34, 205 S.E.2d 674, 677 (1974).  A person may be an employee under the Act based upon an "implied" contract of hire, Code § 65.2-101 ("Employee") (1)(a); however, if no contract to pay wages for "hire" can be implied from the facts, a person is not an "employee" under Subsection (1)(a).

Compton-Waldrop had no expectation that she would be compensated for her services.  "[E]xcluded from the definition of 'employees' [are] workers who neither receive nor expect to receive remuneration of any kind for their services."  Charlottesville Music 215 Va. at 35, 205 S.E.2d at 678.  Thus, Compton-Waldrop was not an "employee" based upon an implied contract for hire under Subsection (1)(a) of Code § 65.2-101.  If Compton-Waldrop was an "employee" under another provision of the Act, only Subsection (1)(l) is potentially applicable.

Code § 65.2-101 ("Employee") (1)(l) provides that for

purposes of the Act, "volunteer lifesaving or rescue squad members, . . . auxiliary or reserve police . . . shall be deemed employees . . . <u>if the [local] governing body of such political subdivision . . . has adopted a resolution acknowledging</u>" that coverage under the Act shall be extended to them. <u>Id.</u> (emphasis added). Virginia Beach has adopted such a resolution, which states in part:

**Sec. 2-4. Recognition of police, fire companies and rescue squads as part of public safety program.**

In gratitude to and in recognition of the valuable and necessary services performed by police, fire companies and rescue squads and the individual members thereof, both professional and volunteer, which service the city, the following police agencies and chartered fire companies and rescue squads are recognized and acknowledged to be an integral part of the official public safety program of the city, and the volunteer members of these police, and chartered and noncharted fire companies and rescue squads, shall be deemed employees for the purposes of the Virginia Worker's Compensation Act:

\* \* \* \* \* \* \*

Virginia Beach Auxiliary Police

\* \* \* \* \* \* \*

Virginia Beach Rescue Squad, Incorporated

Subsection (1)(l) of Code § 65.1-101 ("Employee") enables local governing bodies to adopt a resolution extending workers' compensation benefits to members of volunteer rescue squads or auxiliary police forces, who serve the public without

compensation. These persons become "employees" at the locality's option. Virginia Beach adopted such a resolution extending coverage to members of the auxiliary police force, even though these "employees" receive no weekly wage or have no expectation of remuneration.

We hold that when Officer Starr required Compton-Waldrop to assist him with the emergency rescue, thereby placing her in harm's way, she became an ad hoc member of the Virginia Beach Auxiliary Police Department, and, therefore, because Virginia Beach had passed a resolution extending workers' compensation benefits to members of the Virginia Beach Auxiliary Police, Compton-Waldrop was an "employee" under the Act. Accordingly, we remand the claim to the commission for entry of an award in accordance with the Act.

Reversed and remanded.