Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Poff, Senior Justice

CITY OF VIRGINIA BEACH POLICE DEPARTMENT
                              OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 952224
                                              November 1, 1996
JOYE ANNETTE COMPTON-WALDROP, DECEASED

              FROM THE COURT OF APPEALS OF VIRGINIA


     In this appeal, we decide whether a person, at the time she

was killed, was an employee of the City of Virginia Beach within

the definition of the Virginia Workers' Compensation Act, Code

§ 65.2-100 et seq. (the Act), and thus entitled to benefits.

                                    I

     Joye Annette Compton-Waldrop was killed while rendering

assistance at the scene of an automobile accident.  Her estate

filed a workers' compensation claim for death benefits against

the City of Virginia Beach Police Department (the Department).

The Workers' Compensation Commission (the Commission) denied the

claim, concluding that Compton-Waldrop was not an employee of the

Department when she was killed.  The Court of Appeals, however,

reversed the Commission's decision and remanded the claim to the

Commission.  Compton-Waldrop v. Virginia Beach Police, 21 Va.

App. 255, 463 S.E.2d 675 (1995).  In doing so, the Court of

Appeals held that, "because the City of Virginia Beach had passed

a resolution extending its workers' compensation coverage to

members of its auxiliary police force, when Compton-Waldrop was

required to assist [a City] auxiliary police officer in [a]

rescue, she became an ad hoc member of the [City's] auxiliary

police force and thereby became an `employee' under the Act."  21

Va. App. at 258, 463 S.E.2d at 676.

Having determined that the decision involves a matter of significant precedential value, Code § 17-116.07(B), we awarded the Department an appeal.

II

The facts are undisputed. In the early morning of August 31, 1991, Compton-Waldrop and a co-worker, Martin John Egert, III, left their employment at a restaurant. While travelling eastbound along Route 44 in the City of Virginia Beach, they witnessed a serious, two-car collision. Egert, the driver, stopped his vehicle at the accident scene, and he and Compton-Waldrop began to render assistance to the injured. While they were doing so, George W. Starr, a City auxiliary police officer, arrived and "took charge" of the accident scene. Although Starr was not on duty, he was in uniform and displayed his badge.

At first, Starr ordered everyone to the side of the highway. Shortly thereafter, however, he asked Egert to turn his vehicle around to face oncoming traffic and to shine the vehicle's headlights on the accident scene. Starr also asked Egert to take a flashlight and a reflective vest in order to alert oncoming drivers. Egert complied with Starr's requests.

Starr, saying, "Ma'am, come here, I need some help with this man," then engaged Compton-Waldrop to assist him with an injured man lying in the highway. As Compton-Waldrop responded by entering the highway, a vehicle approached the accident scene at

high speed.  The vehicle struck and killed both Compton-Waldrop and Starr.

## III

In reaching its decision, the Court of Appeals made two holdings to which the Department has assigned error.  First, the Court held that, by virtue of Code § 18.2-463[1] and the doctrine of posse comitatus, Compton-Waldrop "became an ad hoc member of the [City's] auxiliary police force."  21 Va. App. at 260, 463 S.E.2d at 677-78.  The Court also held that Compton-Waldrop, as an auxiliary police officer, was an "employee" under the Act, and, therefore, her estate is entitled to workers' compensation benefits.  Id. at 262-63, 463 S.E.2d at 678-79.

As the Court of Appeals aptly noted, in the context of the present case, "[w]hether a person is an `employee' depends upon whether the person meets the definition under the Act, not whether the person satisfies a common-law definition of master-servant as a result of Code § 18.2-463 or the doctrine of posse comitatus."  21 Va. App. at 261, 463 S.E.2d at 678.  Therefore, we need not express an opinion with respect to the Court's first holding.

---

[1]Code § 18.2-463 provides as follows:

> If any person on being required by any sheriff or other officer refuse or neglect to assist him:  (1) in the execution of his office in a criminal case, (2) in the preservation of the peace, (3) in the apprehending or securing of any person for a breach of the peace, or (4) in any case of escape or rescue, he shall be guilty of a Class 2 misdemeanor.

IV

In holding that Compton-Waldrop was an employee under the Act,[2] the Court of Appeals relied upon subsection (1)(l) of the definition of "employee" set forth in Code § 65.2-101. Id. at 261-62, 463 S.E.2d at 678. Subsection (1)(l) provides that the Act shall apply to "volunteer firefighters . . . [and] auxiliary or reserve police . . . if the governing body of [the] political subdivision . . . has adopted a resolution acknowledging" that coverage under the Act shall be extended to such persons. Thus, subsection (1)(l) empowers local governing bodies to extend workers' compensation benefits to persons who serve without compensation, such as members of volunteer fire departments and auxiliary police forces.

The City's council has adopted such a resolution. City Code § 2-4 states, in pertinent part, the following:

In gratitude to and in recognition of the valuable and necessary services performed by police, fire companies and rescue squads and the individual members thereof, both professional and volunteer, which service the city, the following police agencies and chartered fire companies and rescue squads are recognized and acknowledged to be an integral part of the official public safety program of the city, and the volunteer members of these police, and chartered and nonchartered fire companies and rescue squads, shall be deemed employees for the purposes of the Virginia Worker[s'] Compensation Act:

. . .

---

[2]The Court of Appeals also held that Compton-Waldrop was not an "employee" under the Act based upon an implied contract for hire because she neither received nor expected to receive payment for her services. 21 Va. App. at 261, 463 S.E.2d at 678. Compton-Waldrop has not assigned cross-error to this ruling.

- 4 -

Virginia Beach Auxiliary Police

(Emphasis added.)

The Court of Appeals concluded that, because the City had extended workers' compensation benefits to members of the City's auxiliary police force, Compton-Waldrop was an "employee" under the Act and, thus, entitled to workers' compensation benefits. Id. at 263, 463 S.E.2d at 679. We do not agree.

The City, in Code § 27-4, set forth how one becomes an auxiliary police officer. Code § 27-4 provides that

> [t]he chief of police is hereby authorized to appoint auxiliary police officers as he deems necessary, not to exceed one hundred (100) in number. The chief of police, with the approval of the city manager, shall make rules and regulations concerning the operation of the auxiliary police officers, their uniforms, arms, other equipment and training. Such rules and regulations shall be subject to ratification by the council.

We think that Compton-Waldrop, not having been appointed an auxiliary police officer by the City's chief of police, was not a member of the City's auxiliary police force within the City Code and, thus, had not been extended workers' compensation benefits under the City Code. Therefore, she did not meet the definition of "employee" under the Act, and the Court of Appeals erred in holding otherwise and in remanding Compton-Waldrop's claim to the Commission for entry of an award under the Act.

V

Consequently, we will reverse the judgment of the Court of Appeals and enter final judgment for the Department dismissing

the application for workers' compensation benefits.

<u>Reversed and final judgment</u>.