## STATE EX REL. VIKTOR LUNDGREN v. DISTRICT COURT OF WASHINGTON COUNTY.[1]

### November 15, 1918.

### No. 21,110.

**Workmen's Compensation Act — employment in usual course of business.**
The construction of the building referred to in the opinion *held* within the usual course of the employer's business within the meaning of the Workmen's Compensation Act.

Upon the relation of Viktor Lundgren the supreme court granted its writ of certiorari directed to the district court for Washington county and the Honorable J. N. Searles, judge thereof, to review proceedings in that court under the Workmen's Compensation Act brought by relator, as employee, against Inter-State Lumber Company, as employer. Reversed.

*M. E. Louisell,* for relator.

*Wilson & Thoreen,* for respondent.

BROWN, C. J.

Proceedings under the Workmen's Compensation Act, in which the trial court held that plaintiff was not entitled to recover for the reason, as found by the court, that the employment in which plaintiff was en-

[1]Reported in 169 N. W. 488.

gaged at the time of his injury was not "in the usual course of defendant's business." Judgment was ordered and entered accordingly and plaintiff sued out a writ of certiorari to review the same.

In stating the facts in the case, which are not in dispute, we refer to the interested parties as plaintiff and defendant; plaintiff being the employee and defendant the employer.

Defendant is a corporation created under and pursuant to the laws of the state, and since its organization has been engaged in the retail lumber and building business. In May, 1917, the company decided to enlarge its business by adding thereto coal and other fuel. To accomplish this it became necessary to build a shed in which to store a supply of coal for the trade. Plaintiff was employed by defendant for a specific part of the work of constructing this shed. In the performance of the work he received an accidental injury, arising out of the employment, for which he claims compensation. He was an employee of defendant. The employment was for the specific purpose of laying a concrete foundation and concrete floor for the shed, and for an agreed compensation, and the court found that it was not casual within the meaning of the compensation act. The court further found, as a conclusion of law, based upon the facts stated, that the employment was not in the usual course of the business or occupation of defendant, and not therefore within the compensation law. Judgment was accordingly ordered dismissing the proceeding.

Whether the learned trial court was right in that conclusion is the only question presented by the record. We are unable to concur in that view of the case. While the courts of the different states are somewhat at variance in defining or applying the particular provision of the compensation act here involved, namely, the clause excluding liability of the employer when the employment in which an injury is received is not within "the usual course of the business or occupation" of the employer (Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L.R.A. 1916E, 329, Ann. Cas. 1917D, 1; Carter v. Industrial Com. [Cal.] 1 Workman's Com. Law J. 497; Geller v. Republic Novelty Works [N. Y.] 1 W. C. L. J. 691; Boyle v. Mahoney [Conn.] 1 W. C. L. J. 937; Holbrook v. Olympia Hotel Co. — Mich. —, 166 N. W. 876), we think the liberal view heretofore followed in our former decisions construing the other clause of the act, namely, "within the scope of the employment," should apply to and

control the determination of the question whether a particular employment be within the usual course of the employer's business or occupation. In the respect stated we have uniformly applied a liberal, though substantial, rule, with a view of giving force and effect to the legislative intent in the enactment of the law. State v. District Court of St. Louis County, 128 Minn. 43, 150 N. W. 211; State v. District Court of Rice County, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State v. District Court of St. Louis County, 129 Minn. 176, 151 N. W. 917; State v. District Court of St. Louis County, 138 Minn. 131, 164 N. W. 585, L.R.A. 1918C, 116.

The rule so applied finds ample support in the authorities elsewhere, and is in harmony with the general canons controlling the construction and application of such statutes. It should control in the case at bar. Here the employer was engaged in the lumber and building material trade, and for the purpose of adding thereto a line of fuel constructed a shed in which to keep and store the new stock. The addition was to become permanently a part of defendant's business, and the shed was a permanent structure, with a solid concrete foundation and floor. While the defendant was not a building contractor, nor engaged in specific work of that kind, the construction of the shed in question was in furtherance of its established business, a necessary part thereof, and we discover no sufficient reason for holding that it was outside of and beyond what is customary and usual in a situation of the kind. That should be the test in construing the statute. The construction of the shed should therefore be held within the usual course of defendant's business, within the meaning and contemplation of the statute. We so hold. This conclusion finds support in the decision rendered in the case of State v. District Court of Ramsey County, 138 Minn. 416, 165 N. W. 268.

The case of State v. District Court of Douglas County, 138 Minn. 103, 164 N. W. 366, is not in point. There the employment was not only casual, but was for a temporary purpose only.

Judgment reversed and new trial granted.