### Lackey *v.* Industrial Commission, et al.

## No. 11,593.

### Lackey *v.* Industrial Commission, et al.

Decided September 20, 1926.   Rehearing denied October 18, 1926.

Proceeding under the workmen's compensation act. Judgment of district court affirming award of the commission to employes.

### *Reversed.*

1.  Words and Phrases—*"Casual," "Regular."*   Casual is an antonym of regular.

2.  Workmen's Compensation—*Course of Business—Casual Employee.* Even though casual, if an employee is engaged in the usual business of his employer, he still is an employee within the terms of the workmen's compensation act.

3.     *Course of Business—Building.*   The erection of a building cannot be said to be within the usual course of a business to be carried on therein, unless perhaps the business is that of building, and the structure being erected in the course of that business.

4.    *Course of Business—Farming—Filling Station.*   Neither the preparation for the erection of a building for a filling station at a distance from the employer's farm, nor the erection of it, is within the usual course of business of farming, or keeping a filling station.

5.    *Legal Questions.*   In a workmen's compensation proceeding, the facts being unquestioned, the case becomes one of law for the courts.

### On Rehearing.

6.    *Course of Business.*   "Usual course of trade or business" as used in paragraph (b), § 9, p. 751, S. L. '23, held not to apply to a single act of building by a farmer in a neighboring town.

*Error to the District Court of Otero County, Hon. Samuel D. Trimble, Judge.*

Mr. FRED A. SABIN, Mr. CLYDE T. DAVIS, for plaintiff in error.

Mr. JOHN B. BARNARD, Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE case comes here from the district court of Otero county, which affirmed awards of the Industrial Commission in favor of Jacks and Lawlor against Lackey for injuries received by the claimants while in the employ of Lackey.

We can find no substantial controversy in the evidence. Lackey was a farmer and made up his mind to build and operate a filling station in the town of Fowler. He procured a site for the purpose and employed men by the

day to prepare the ground by pulling down a building and to put up a filling station thereon. This was accomplished, and he went into the business of the filling station and continued it thereafter up to the time of the hearings in these matters. Jacks was hurt while pulling down the old building; Lawlor while putting up the filling station. More than four men were employed by Lackey about this business when each accident took place. By S. L. 1923, page 751, § 9, paragraph (b), "The term employe shall mean and include * * * Every person in the service of any other person, * * * under any contract of hire, express or implied, * * * but not including any persons * * * whose employment is but casual and not in the usual course of trade, business, profession, or occupation of his employer." The position of the plaintiff in error is that the employment of each of these claimants was casual and not in the usual course of trade, etc., of himself, their employer, and that therefore they were not employees within the terms of the act. Jacks was employed by the day, not exceeding six days in all. When he left Lackey would tell him when to come back. Casual is an antonym of regular. Jack's employment was irregular and therefore casual. Lawlor was employed to relay some cement floor or driveway, to be paid by the day. When hurt he was helping to lay shingles because rain prevented work on the cement job. By no process of reasoning can he be called a regular employee.

But even though casual, if the employe is engaged in the usual trade, business, etc., of his employer, he still is an employe within the meaning of the act. Was the preparation of the ground and the erection of the building for a filling station within this category? It is not claimed that it was farming. It is clear enough that if Lackey had been merely constructing the building without intention to use it in a new business the construction

would not have been in the usual course of his trade or business. The real question then is: Is the construction of a building to be used by the builder in a business new to him, within the usual course of that business? The defendants in error on this point cite *State ex rel. Lundgren v. District Court*, 141 Minn. 83, 169 N. W. 488, as parallel, but we do not think so. In that case the "employer was engaged in the lumber and building material trade, and for the purpose of adding thereto a line of fuel, constructed a shed in which to keep and store the new stock. * * * While the defendant was not a building contractor, nor engaged in specific work of that kind, the construction of the shed in question was in furtherance of its established business, a necessary part thereof, and we discover no sufficient reason for holding that it was outside of and beyond what is customary and usual in a situation of the kind. That should be the test in construing the statute."

It will be observed that the decision is based upon the proposition that the work in which the claimant was hurt was in furtherance of an established business, that is in furtherance of a usual business. The usual business of the firm was merchandising and they added a new kind of merchandise. It would have been a case parallel to the one before us if the employers there had decided in addition to their merchandising business to establish a manufacturing plant or something not connected with their merchandise some miles away, or let us say a filling station. We could scarcely say that the filling station was in the usual course of their business of merchandising. Then even should we agree with it, that case does not help us.

We do not think that the erection of a building can be said to be within the usual course of a business to be carried on in that building unless, perhaps, such business be the business of building and the structure be erected in the course of that business. Suppose a building con-

tractor resolves to go into the hotel business, and for that purpose erects the hotel himself. The erection of that hotel may be in the usual course of his business as building contractor but how can it be said that it is in the usual course of his business as a hotel keeper? He is an innkeeper when he opens his house for guests, not before. He is a filling station keeper when he opens his place to fill, not before. Illustrations and analogies might be multiplied without end. We must say that neither the preparation for the erection of a building for the filling station nor the erection of it was within the usual course of business of farming or keeping a filling station.

It is claimed that there is a question of fact here which the commission has decided. We do not think so. We think the facts are unquestioned and that the only question is one of law, namely, what is the proper construction of the word "casual" and the words "usual course of trade."

The judgments are reversed with directions to the district court to set aside the awards of the commission.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

### On Rehearing.

THE commission claims that Lackey's business, while he was pulling down the old building and erecting a filling station, was building. We do not think so. It is not a fair construction of the words "usual course of trade or business" to make them applicable to a single act of building.

The commission also thinks we have overlooked section 50 of the workmen's compensation act, C. L. § 4424, which reads as follows: "Every person    *    *    *    that owns any real property or improvements thereon and that contracts out any work done on and to said property to any contractor, sub-contractor, person or persons, who shall hire or use four or more employes or workmen

(including himself if working thereon) in the doing of such work, shall be deemed to be an employer under the terms of this act,  *  *  *  and such employer shall be liable as provided in this act to pay compensation for injury or death resulting therefrom  *  *  * ."

This section was not called to our attention until the motion for rehearing.

We do not think that it affects Mr. Lackey's liability in any way. It has not been questioned that he was an employer and liable as provided in the act; but it is provided in the act, as we have shown, that an employer shall not be liable to a casual employe unless such employe is in the usual course of the employer's trade or business.

Rehearing denied.