## No. 11,970.

Hoshiko *v.* Industrial Commission, et al.

Decided April 23, 1928.

Proceeding under the Workmen's Compensation Act. Judgment for claimant.

*Affirmed.*

1. Workmen's Compensation—*Farm Laborer—Casual Employment.* An employe who is a farm laborer or whose employment is casual and not in the course of his employer's business, is not entitled to compensation for accidental injuries under the Colorado Workmen's Compensation Act.

2. *Farm Laborer—Thresher.* Where a farmer traveled about the country with his machine doing threshing for others, for compensation, it is held under the facts disclosed, that one who was employed by him in such work was not a farm laborer within the meaning of C. L. § 4382, and was entitled to compensation for an accidental injury.

3.   *Casual Employe—Course of Employment.*   Although his employ-
ment is casual, if at the time of the accident the employe was
engaged in the usual course of the employer's business, he is not
excluded from the benefits of the Workmen's Compensation Act.

*Error to the District Court of Weld County, Hon. Claude
C. Coffin, Judge.*

Mr. George H. Bradfield, Mr. John Harbottle, for
plaintiff in error.

Mr. John C. Nixon, Mr. Tracy C. Cameron, Mr.
William L. Boatright, Attorney General, Mr. Otto
Friedrichs, Assistant, for defendants in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

Cervando Lomeli was kicked by a horse and injured
while working for Paul Hoshiko. The Industrial Com-
mission awarded Lomeli compensation in the sum of
$54.18, increased 50 per cent by reason of Hoshiko's fail-
ure to carry insurance, making the total award $81.27.
The district court upheld the award. For reversal,
Hoshiko relies upon two points. It is said that Lomeli
was a farm laborer, and also that he was a casual em-
ployee; and it is contended that for each of these reasons
he is not entitled to the benefit of the Workmen's Com-
pensation Act. True, if he was a farm laborer, or if
his employment was casual and not in the usual course
of his employer's business, he is not entitled to com-
pensation in this proceeding. C. L., sec. 4382; S. L. 1923,
p. 733, sec. 16; Id. p. 751, sec. 9 (b).

1. Was he a farm laborer? Hoshiko owned and
operated three threshing machines. He not only
threshed his own grain and beans on his farm, but was
engaged in the business of threshing on the farms of
other persons for compensation. At the time of the ac-

cident, Lomeli was in the employ of Hoshiko, assisting in the threshing operations on the farm of one Clark. His particular duty was to pitch the beans from the wagon and from the ground onto the "carrier," an appliance that conveyed the beans into the thresher; in other words, he was (indirectly) feeding the thresher. The crew had first threshed on Hoshiko's farm; they next threshed the beans on Clark's farm, and after that threshed on Hill's farm, and then on Short's farm. Lomeli was injured on the Clark place. He did not go to the other places. That one who goes from farm to farm operating a thresher is not a farm laborer within the exception contained in the Workmen's Compensation Act, is decided in *Industrial Commission v. Shadowen,* 68 Colo. 69, 187 Pac. 926, 13 A. L. R. 952. In that case the employer was engaged in the business of threshing grain for others, and the injured employee operated the steam engine that supplied the power. To bring the employer and employee within the provisions of the act, it was necessary to prove that the former employed in a common employment at least four persons, exclusive of farm laborers. If these who were engaged in pitching grain into the thresher were farm laborers, the employer had only three employees, instead of four or more, in the common employment, and therefore would not come within the operation of the Workmen's Compensation Act. The Industrial Commission found that they were not farm laborers, whereas the district court, on review, held that they were. We decided that the Commission was justified in its finding, and the judgment of the trial court was reversed. To avoid the force of that decision, counsel for Hoshiko present the following argument: Lomeli, they say, was employed by Hoshiko to work on the latter's farm, and therefore was a farm laborer. When the owner of a threshing machine does threshing for others for compensation, it is said to be the practice for the customers to furnish, at their own expense, the men who do the pitching. Although in the present in-

stance Hoshiko employed and paid Lomeli to do the pitching for the thresher at the Clark farm, this, it is explained, was due to the fact that Clark previously had furnished a man to help Hoshiko do his own threshing; in other words, it was merely an exchange of labor. But the trouble with that argument is that Lomeli was not a regular farm hand on Hoshiko's place. He was employed there only to help with the threshing. That work was finished, and there was nothing more for him to do at Hoshiko's farm. Counsel say that Hoshiko had two separate and distinct kinds of business—farming for himself, and threshing for others for compensation. That is true. When, therefore, he finished threshing on his own farm, and proceeded with his threshing outfit to the farms of others, to do their threshing for compensation, he ceased to be Hoshiko, the farmer, and became Hoshiko, the thresher; and thereupon Lomeli ceased to work for the former, and entered the employ of the latter. So far as the rights of Lomeli are concerned, it is immaterial whether Hoshiko was paid in cash, in labor or in beans. It appears that he received part of his pay in advance in the form of labor furnished by Clark. In *Roush v. Heffelbower*, 225 Mich. 664, 196 N. W. 185, 35 A. L. R. 196, it is held that one is not a farm laborer when in the employ of a man who travels about from farm to farm with a corn-husking machine, engaged in the commercial business of husking corn for a stated compensation, although at the time of the accident the employer is merely exchanging work with neighbors.

As bearing upon the claim that it is the practice for the customers to furnish the bean pitchers at their own expense, we call attention to the testimony of Maes, whose labor Hoshiko does not claim to have "exchanged" with any person: "Q. What particular work were you doing there [at Clark's]? A. I was pitching beans from the wagon. * * * Q. Were you working for Mr. Hoshiko? A. Yes." After the threshing at Clark's farm was finished, Maes went with Hoshiko to perform the

same kind of service (pitching) on the Short ranch. "Q. Who paid you for your work, Mr. Short or Mr. Hoshiko? A. Mr. Hoshiko."

The evidence is sufficient to justify the finding that at the time of the accident Lomeli was not a farm laborer, within the meaning of the statute.

2. In stating the facts concerning Lomeli's duties, we have thus far given Hoshiko somewhat the advantage. It is proper to call attention to certain parts of the testimony tending to show that his duties were connected even more closely with the threshing machine than has been assumed in the foregoing discussion. Thus, Hoshiko testified: "Q. Do you run a threshing business that you run separate and apart from your farm? A. Yes, it is separate. Q. There is no connection between the two? A. No. Q. The men you hire on your threshing machine you do not use on the farm? A. No. * * * Q. Was the claimant, Mr. Lomeli, working on either the bean threshing machine or the grain threshing machine at the time he was hurt? A. On the bean threshing machine at the time he was threshing beans, and I have to have men to help haul the beans." Clark testified: "Q. How many men were working around the machine outside of yourself and Lomeli? A. I would say about a dozen." Referring to the day he was injured, Lomeli was asked, "What was your work for him [Hoshiko]? A. I was working on the thresher, for him. * * * Q. What work did you do during those four days? A. First I was helping work on the machine, next on the beans, next on the thresher; I did not have any separate way of working." It is not clear from the evidence whether the witness here refers to work on Hoshiko's farm, or on Clark's, or on both.

In the first part of this opinion, we assumed, for the purpose of the discussion, that Lomeli's duties were confined to pitching beans onto the "carrier" of the threshing machine. On the question whether Lomeli also performed other work—work still more closely connected

with the operation of the threshing machine—the evidence is somewhat conflicting and confusing. The award of an industrial commission so far resembles the verdict of a jury that "when there is no legal evidence to support the findings of fact upon which it is based, or where the evidence is so weak as not to amount to any evidence at all," courts should set aside the award; but the award should not be set aside where there is legal evidence to support the findings. *Employers' Mut. Ins. Co. v. Industrial Commission,* 74 Colo. 201, 219 Pac. 1078; *Industrial Commission v. Elkas,* 73 Colo. 475, 216 Pac. 521. The matters discussed in this paragraph of the opinion afford an additional reason, if any were needed, why the finding of the Industrial Commission that Lomeli was not a farm laborer should not be disturbed.

3. The contention that Lomeli was a casual employee, and therefore not within the protection of the Workmen's Compensation Act, cannot be sustained. The Act (S. L. 1923, p. 751, sec. 9–b) excludes every person "whose employment is but casual *and* not in the usual course of trade, business, profession or occupation of his employer." Even if his employment was but casual—a matter that it is not necessary to decide—it was, at the time of the accident, in the usual course of the employer's business; therefore, Lomeli is not excluded from the benefit of the statute. *Lackey v. Industrial Commission,* 80 Colo. 112, 249 Pac. 662.

The Industrial Commission's findings and award are supported by the evidence and the law; and, in affirming the award, the trial court committed no error.

The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS, and MR. JUSTICE BURKE, sitting for MR. JUSTICE CAMPBELL, concur.