## No. 12,320.

### COMERFORD v. CARR ET AL.

Decided January 6, 1930.

Mr. Edward F. Chambers, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Arthur L. Olson, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

William Comerford seeks a review of the judgment of the district court affirming the award of the Industrial Commission in favor of C. J. Carr.

██ 1. It is said that Carr's right to compensation is barred because Carr did not file with the commission within six months after sustaining the injury a notice claiming compensation. The statute, however, provides that the limitation "shall not apply to any claimant to whom compensation has been paid." C. L. §4458, as amended in 1923 (S. L. 1923, c. 201, §15, p. 745). Counsel for Comerford contends that no compensation has been paid to Carr, and, therefore, that he does not come within the protection of the provision quoted. After his recovery, Carr returned to work. The commission found that Carr "received full pay during the time he was off work," and that Comerford "paid part of the claimant's medical expenses, and thereafter made deductions from claimant's salary to cover same." As there is evidence to support the finding, we cannot set it aside. In the circumstances, Carr's right to compensation is not barred. *Industrial Commission v. Globe Indemnity Co.*, 74 Colo.

52, 218 Pac. 910; *Ontario Mining Company v. Industrial Commission,* 86 Colo. 206, 280 Pac. 483.

2. The next contention is that there is no evidence showing that the claimant sustained any injury for which he should receive compensation. Comerford was engaged in the rendering business, which necessitated the handling of animal carcasses, and Carr was employed by him in that business. Carr testified that he was hurt while working for Comerford; that he ran a bone in his hand and was poisoned. Comerford did not deny this; indeed, he testified that Carr seemed to have an injury to his hand, but that he, Comerford, was not there when the injury was sustained and did not know how it occurred. The evidence supports the commission's finding that Carr "sustained an accident arising out of and in the course of his employment."

3. At the time of the accident Comerford had less than four persons employed in his business; and it is suggested — merely suggested — that as the statute requires the employment of at least four persons to make the employer subject to the Workmen's Compensation Act, Comerford was not subject to the act.

It is undisputed that many times prior to the accident, and several times shortly before the accident, Comerford had nine or ten persons employed in his business; that at no time had he filed with the commission a written notice to the effect that he elected not to accept the provisions of the act; and that he had never exercised his statutory right to reject such provisions.

Section 4390, C. L., as amended in 1923 (S. L. 1923, c. 201, §3, p. 733), enacts: "Every employer of four or more employes * * * engaged in a common employment, shall be conclusively presumed to have accepted the provisions of this act, unless, prior to the date such employer becomes the employer of four or more persons, he shall have filed with the commission a notice in writing to the effect that he elects not to accept the provisions of this act or unless said employer has rejected the provisions

of the Workmen's Compensation Act of Colorado in conformity with the provisions of said act as heretofore existing.''

Section 4382, C. L., provides: ''The term 'employer' shall mean and include: * * * (b) Every person * * * who has four or more persons engaged in the same business or employment * * * in service under any contract of hire, express or implied, and who, at or prior to the time of the accident to the employe for which compensation is claimed under this act, has elected to become subject to the provisions of this act, and who shall not, prior to such accident, have affected a withdrawal of such election in the manner provided in this act.''

Section 4391, C. L., as amended in 1923 (S. L. 1923, c. 201, §4, p. 733) is as follows:

''By insuring his liability under and in accordance with the provisions of this act, any employer, including the employer of domestic servants, farm or ranch laborers, or of three or less employes, shall become subject to the provisions hereof.

''Any employer subject to the provisions of this act may withdraw from its provisions and reject the same upon the first day of August of any year hereafter, provided said employer gives written notice to the commission of his intention to withdraw from and reject such act on or before the first day of June preceding the first day of August of the year in which he desires such withdrawal and rejection to become effective; and provided, further, that such withdrawing employer shall post in conspicuous places in his several places of employment written or printed notices to the effect that on and after the first day of August of the current year said employer will not be subject to the provisions of the Workmen's Compensation Law, which notices shall be posted at least sixty days prior to the date of such withdrawal and rejection and shall be kept continuously posted thereafter in sufficient places frequented by his employes to reasonably notify such employes of such rejection.

"Any employer having withdrawn from the provisions of, or rejected this act, as in this section provided, may thereafter at any time elect to become subject to said act and shall become subject thereto by filing the notice herein provided for, or upon the insuring of his liability under and in accordance with the provisions of this act."

When Comerford had four employes engaged at the same time in the same business or common employment, he automatically became subject to the provisions of the Workmen's Compensation Act. He could withdraw therefrom only in the manner prescribed by section 4391, C. L., as amended in 1923. This he did not do; hence, at the time of the accident he was subject to the provisions of the act.

■ 4. But it is said that all of the employes in excess of two or three were mere casual employes and cannot be included in the count. Defining the term "employe," the statute excludes all persons "whose employment is but casual and not in the usual course of trade, business * * * or occupation of his employer." C. L. §4383, as amended in 1923 (S. L. 1923, c. 202, §2, p. 751). The mere fact that the employment is casual is not enough to exclude an employe from the count; to accomplish that result, the employment must also be "not in the usual course of trade, business * * * or occupation of his employer." *Hoshiko v. Industrial Commission*, 83 Colo. 556, 266 Pac. 1114; *Lackey v. Industrial Commission*, 80 Colo. 112, 249 Pac. 662. As will be shown in discussing the next point, there were more than four persons employed in the usual course of Comerford's business; hence we need not determine whether or not their employment was casual.

■ 5. It is contended that the employes in excess of one or two were not engaged in a "common employment" with Carr; and, therefore, that the statute excludes them from the count. C. L., §4390, as amended in 1923 (S. L. 1923, c. 201, §3, p. 733), quoted in paragraph 3, supra. The uncontradicted evidence is to the effect that they

were employed from time to time to load cars with the product of Comerford's plant. The business was rendering. We may assume that such business was engaged in for profit, not for pleasure. To be profitable, the product must be sold. The loading of the cars with the product appears to be an important part of the business. The employes who loaded the cars were engaged in a common employment with Carr. *Industrial Commission v. Funk,* 68 Colo. 467, 191 Pac. 125.

As we discover no error in the proceedings, the judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.