No. 14,446.

HILL ET AL., V. BUNKER.
(85 P. [2d] 719)

Decided December 12, 1938.

Mr. FRED A. HARRISON, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. FRANK A. BRUNO, Assistant, for plaintiffs in error.

Mr. ROBERT R. TARBELL, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case in which we are asked to review judgment of the trial court which reversed a finding of the Industrial Commission to the effect that Ross Hill, the employee and claimant, was not

a "farm and ranch laborer" and, hence, entitled to compensation.

Claimant alleges that while employed by Bunker, defendant in error, as a hay stacker on July 7, 1937, he was knocked from a stack of hay by a mechanical stacker and suffered the injuries which form the basis of his claim.

The commission's findings, which were accepted as to facts by the trial court, were, in part, "That respondent, S. D. Bunker, is engaged in the business of farming. When not occupied on his own premises, he undertakes the cutting and stacking of hay for others for hire. While thus engaged he employs the services of more than four employees. He did not carry workmen's compensation insurance." Hill was one of sixteen men employed.

The sole question before us is whether Hill, under the circumstances, was within the exception of section 16 of the Workmen's Compensation Act ('35 C. S. A., vol. 3, c. 97, §295, C. L. §4390), which provides "Every employer of four or more employees (not including private domestic servants and farm and ranch laborers), engaged in a common employment, shall be conclusively presumed to have accepted the provisions of this article, unless, prior to the date such employer becomes the employer of four or more persons, he shall have filed with the commission a notice in writing to the effect that he elects not to accept the provisions of this article * * * ,"

In determining this question we must decide whether or not there is a sufficiently different factual situation between what we have here and that present in *Industrial Commission v. Shadowen,* 68 Colo. 69, 187 Pac. 926, 13 A. L. R. 952, and *Hoshiko v. Industrial Commission,* 83 Colo. 556, 266 Pac. 1114, to make the law as announced in those cases inapplicable here.

In the Shadowen case we held that where the employer was engaged in the business of operating a threshing machine and proceeded from place to place threshing grain

for others for hire, and the employee was injured while operating the steam engine that furnished the power to run the thresher, that the employer was not within the exception and therefore claimant was entitled to compensation. There, we reversed the judgment denying compensation with instructions "to the district court to enter an order affirming the finding and award of the Industrial Commission."

In the Hoshiko case, Hoshiko, as employer, owned a bean threshing machine, and in addition to threshing beans on his own farm, he used his equipment to thresh beans for others for hire. At the time of the accident for which compensation was sought, the machine was operating on the farm of one Clark, and claimant, an employee of Hoshiko, was pitching beans onto a carrier which fed into the thresher. There again, the commission found that claimant was not a farm laborer within the exception and allowed compensation, which finding was approved by the trial court and its judgment affirmed by us on review.

In the case here under consideration the trial court, in seeking to distinguish it from the Shadowen case says, "Try to apply this reasoning to the harvesting of hay and one finds it doesn't fit. The farmer or ranchman usually does this work and has the necessary machinery as a part of his farm equipment, and certainly it is not like threshing, 'a business or industrial pursuit in and of itself, entirely separate and independent of farming [quoted from the Shadowen case, supra].' It is a part of the regular farm or ranch work. It follows that Bunker was exempt from the provisions of the act and the award was unwarranted."

We are not greatly impressed by this attempted distinction. It is analogous to an endeavor to differentiate between "pitching hay" and "pitching bundles" or pitching grain that has been harvested with a header. It would distinguish between the efficacy of a "buck rake," a

"bean thresher" or "wheat thresher" as instruments of labor hazard.

We concede that there is considerable respectable authority contrary to the holding of our Colorado cases on this exception in the compensation law, but to attempt to distinguish the situation in this case and our earlier ones would only result in greater confusion.

When Bunker, year after year, with extensive and special equipment, with a crew of fifteen or more men set out to serve the public generally, he engaged in a commercial or business enterprise, distinguished from his own farming operations, and his employees were not farm laborers within the statutory exception, so as to exempt him from the provisions of the act.

In *Great Western Mushroom Co. v. Industrial Commission*, 103 Colo. 39, 82 P. (2d) 751, we quoted with approval the following from the opinion of the trial judge: "The labor involved in this particular business of the defendant is not agricultural labor within the meaning of the act involved here, but is labor in a commercial enterprise." The law there under consideration was not that involved in this case, but the language is appropriate here.

For the above reasons, the judgment will be reversed and the cause remanded with instructions to reinstate the award of the commission.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.