## No. 14,601.

ROYAL INDEMNITY COMPANY ET AL. *v.* INDUSTRIAL
COMMISSION ET AL.
(94 P. [2d] 697)

Decided September 11, 1939.   Rehearing denied October 2, 1939.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, for plaintiffs in error.

Messrs. SAUTER & SANDHOUSE, Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

PLAINTIFFS in error, respectively the Royal Indemnity Company, insurance carrier, and the Morey Mercantile

Company, the alleged employer, here seek review of a judgment of the district court affirming an award of compensation by the Industrial Commission to the claimant, defendant in error Hagemeier, under the provisions of the Workmen's Compensation Act. There is no conflict in the evidence and the sole question relates to the legal effect of the undisputed facts. The claimant, a carpenter by trade, engaged solely as such, resides at Sterling. The Morey company is engaged in the wholesale grocery business, a branch of which is conducted at Sterling in a warehouse building with an office therein. Attached to the warehouse is a dock or platform where outgoing and incoming shipments of groceries are loaded onto, and unloaded from, delivery trucks. In November, 1937, the manager of the Morey company at Sterling requested the Schillig-Scott Lumber Company of that city to recommend a carpenter to do some remodeling and repair work at the warehouse premises and thereafter the claimant was sent by the lumber company to the warehouse manager and by him was employed to move and alter the loading dock so as to afford more room for trucks and avoid interference with the use of an existing doorway on the premises; to build a roof over the loading dock; to make alterations of certain doors in the warehouse to provide for better ventilation, and to apply strips to cover the joints of the celotex panels on the walls of the warehouse office. Claimant was requested to do the work about the loading platform on Saturday afternoon and Sunday when the warehouse and its facilities were not being used. The claimant undertook and proceeded with the work as outlined, for which he was to be compensated by the hour at the union wage scale. In preparing the strips to be used in covering the celotex panel joints on the office wall the claimant, as was the general custom of the trade, went to the plant of the Schillig-Scott Lumber Company, from which the Morey Company purchased the material used, to use a power saw, in the

operation of which he sustained a permanent injury to his left hand. The evidence definitely established that at the time claimant was not an employee of the Schillig-Scott Lumber Company and did not undertake the work for the Morey company as an independent contractor.

■ Plaintiffs in error contend that claimant's employment was casual and not in the usual course of the business of the alleged employer, as a result of which, under section 288 (b), chapter 97, '35 C. S. A., he was not an employee within the purview of the act. So far as pertinent that section defines the term "employee," as: "Every person in the service of any person * * * under any contract of hire, express or implied, * * * *but not including any persons * * * whose employment is but casual and not in the usual course of trade, business, profession, or occupation of his employer."* Plaintiffs in error concede that thereunder, as is established by *Comerford v. Carr,* 86 Colo. 590, 284 Pac. 337, *Lackey v. Industrial Commission,* 80 Colo. 112, 249 Pac. 662, and *Hoshiko v. Industrial Commission,* 83 Colo. 556, 266 Pac. 1114, the casualness of an employment alone is not sufficient to exclude the employee from the operation of the Workmen's Compensation Act, and that, even where the employment is casual, if at the time of the accident the employee was engaged in the usual course of the employer's business, he still is an employee within the terms of the act; therefore, whether the employment was or was not casual, decisive of the controversy, is the resolution of the question of whether the claimant, while occupied in the work above described, was employed in the usual course of the business of the Morey company.

As negativing such relationship, plaintiffs in error rely upon the case of *Lackey v. Industrial Commission, supra.* There Lackey, who was a farmer, decided to build and operate a filling station in the town of Fowler, some distance from his farm. He procured a site for that purpose and employed men by the day to clear the

ground and erect an appropriate building thereon. In the course of these operations and before the completion of the building or the opening of the filling station, two of these workmen were injured. On review we reversed the nisi prius judgment upholding awards of compensation to them. The question to be determined in that proceeding, as stated in the opinion was, "Is the construction of a building to be used by the builder in a business *new* to him, within the usual course of *that* business?" No such problem is presented in the case at bar. Here, previous to the repairing and remodeling operations under consideration and at the time thereof the Morey company had been, and was, engaged in its established mercantile business, and in the usual course and in furtherance thereof had been and was utilizing the warehouse at Sterling. The controlling factor in bringing about the conclusion expressed in the Lackey case was the circumstance that the injury to the employees occurred in the construction of a building to be used by the employer in a business new to him and before he was actually engaged therein. It is clearly indicated that if the construction work in which an employee is engaged when injured was in furtherance of an established business; "that is, in the furtherance of the actual business" of the employer, compensation should be awarded. That this distinction was the basis of the Lackey decision is clearly apparent from the discussion in the opinion of the effect of the case of *State ex rel. Lundgren v. District Court,* 141 Minn. 83, 169 N.W. 488, wherein the construction of a shed by a lumber and building material concern for the purpose of storing an added line of fuel, was held to be in furtherance of the established business of the company and an employee injured in such construction work was allowed compensation. Applying the reasoning in the opinion in the Lackey case to the one here under consideration, had the Morey company, a wholesale grocery concern, decided to embark in some dissimilar business

such as operating a filling station, and in the construction of the plant and before the new business operations were actually begun, a workman was injured, the pronouncement in that case would be applicable. It must be taken, as the evidence proclaims, that the local manager of the Morey Mercantile Company, in furtherance of its usual business of selling groceries wholesale, deemed it essential that the warehouse be remodelled and repaired for the furtherance of the established and usual business of the employer.

Under these circumstances the compensable status of claimant in the instant proceeding is not precluded by the Lackey decision, which if pertinent at all, in principle at least, supports the judgment of the district court in the case at bar affirming the award. Consistent with this conclusion is the holding in the recent case of *J. P. O. Sandwich Shop v. Papadopoulos,* 105 Ind. App. 165, 13 N. E. (2d) 869, wherein it was determined that the employment of a carpenter by a corporation operating a restaurant to build booths like others in the restaurant was "employment in the usual course of business" of the corporation, so as to entitle employee to compensation for injuries under the Indiana Act.

Judgment affirmed.