## No. 14,931.

DELINE, DOING BUSINESS AS I. A. DELINE PAPER BOXES *v.*
INDUSTRIAL COMMISSION ET AL.

(116 P. [2d] 916)

Decided August 4, 1941.

Mr. HAROLD F. COLLINS, Mr. GEORGE E. REED, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Mr. STEVENS PARK KINNEY, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

THIS case arose under the Workmen's Compensation Act. According to the contention of the plaintiff in error there was no substantial or credible evidence that the claimant James H. Cooper was an employee of Deline

within the statutory definition ('35 C.S.A., chapter 97, section 288). In support of the contention it is argued that Cooper was an independent contractor and that the work was merely casual and not in the usual course of Cooper's trade. The district court entered a judgment affirming the pecuniary award which the Industrial Commission had made in favor of the claimant after finding him to be an employee. On the present review we are asked to reverse that judgment.

Cooper is a carpenter by trade. Deline was occupying the lower part of a building. The situation as claimed by the defendants in error is fairly described in the latter's briefs as follows (and there is substantial evidence to support the statements).

"The terms of claimant's employment were that he was to do an indefinite amount of work, and he was to receive a dollar an hour * * * including the use of his power saw * * *. While employed in the hanging of a screen door at the Deline Factory this door fell and crushed one of claimant's fingers * * *. The evidence shows that the Deline Box Manufacturing Company was engaged in the business of making paper boxes * * * and that flies had been coming into the workroom from upstairs where a candy factory was located, and the screen doors were being hung by Mr. Cooper to keep these flies from coming into the box factory where the respondent did not want flies around persons who are making paper boxes for food products."

The following is an excerpt from Cooper's testimony as it appears in the record: "Q. [By Referee] Were you to work a certain number of hours or until this work was finished, or until they told you you were through, or what? A. Well, until they got through with me; that is what I generally do."

There was sufficient contradictory evidence to place upon the Industrial Commission the responsibility of deciding the truth therefrom. The commission did so

and therefore the district court would have had no right to set the decision aside; neither have we.

In view of the record before us, the cases cited by plaintiff in error are readily distinguished. Compare: *Royal Indemnity Co. v. Industrial Commission,* 105 Colo. 25, 94 P. (2d) 697.

The district court was right in refusing to set aside the award of the commission.

Judgment affirmed.

MR. JUSTICE BAKKE, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.