## No. 15,290.

KAMP, DOING BUSINESS AS KAMP MOVING AND STORAGE
COMPANY *v.* DISNEY ET AL.
(135 P. [2d] 1019)

Decided March 22, 1943. Rehearing denied April 12, 1943.

Mr. SAMUEL CHUTKOW, Mr. NOAH A. ATLER, Mr. JOSEPH BERENBAUM, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, Mr. JAMES E. GRIFFITH, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case in which one of the defendants in error, E. W. Disney, to whom we hereinafter refer as claimant, was awarded compensation for injuries sustained while helping move a piano while he was an employee of plaintiff in error Kamp,

doing business as the Kamp Moving and Storage Company, hereinafter designated as the employer, or Kamp. Claimant was awarded compensation by a referee of the Industrial Commission whose order in the premises was duly affirmed, approved and adopted by the commission. An appropriate court action instituted by the employer resulted in a judgment affirming the findings and award of the commission. Reversal is sought on a writ of error.

While there is considerable controversy concerning the alleged insufficiency of the evidence, and complaint of the harshness of the award, in view of the fact that the employer was not insured, the principal point urged for reversal is that the employer was not obligated to carry compensation insurance because he employed less than four men. The undisputed testimony is that there were four men on the job—who were all the men employed by Kamp—actually handling the piano at the time of the accident, but the contention of the employer is that one of them, a Mr. Timmer, was not a regular employee within the meaning of section 288, chapter 97, '35 C.S.A., which provides, inter alia, that the act shall not include persons "whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

Timmer, it appears, arrived in Denver only a short time prior to the time of the accident. He obtained employment with the Shwayder Trunk Manufacturing Company and worked forty hours a week for that company. Timmer, wishing to furnish a home, purchased some furniture from Kamp who engaged in the buying and selling of used furniture in connection with his moving business. Timmer paid five dollars on account and arrangements were made whereby he was to work at times for Kamp, his compensation for such work being applied in payment of the balance due on his account. In accordance with this arrangement, the record discloses that Timmer, while not employed regularly by Kamp, did work for him four to twelve hours during

some weeks over a considerable period of time, and that his compensation for such services was at the rate of fifty cents an hour. While most of his wages were applied in payment of the balance due on his account, it appears that on several occasions, when so requested, Kamp gave him small sums of money.

Timmer's duties when working for Kamp consisted of refinishing furniture and helping with delivery and moving jobs, all of which was in the usual course of Kamp's business, and when Timmer was working, there can be no question but that Kamp had four employees, and when he did have four employees "he automatically became subject to the provisions of the Workmen's Compensation Act. He could withdraw therefrom only in the manner prescribed * * *. This he did not do; hence at the time of the accident he was subject to the provisions of the act." *Comerford v. Carr,* 86 Colo. 590, 594, 284 Pac. 121.

Counsel for Kamp rely strongly on the case of *Kelley v. Haylock,* 163 Wis. 326, 157 N.W. 1094, L.R.A. 1916 E, 626. This case would be persuasive except for the fact that the Wisconsin statute in this relation uses the conjunction "or," section 2394-7, Laws of Wisconsin, 1915, p. 1700, and the Supreme Court of that state held in the case of *Kelley v. Haylock, supra,* that "the legislature excluded those whose employment was but casual *or* not in the usual course of trade * * *." The Colorado statute, as already noted, uses the conjunction "and," and we have held that, "The mere fact that the employment is casual is not enough to exclude an employee from the count; to accomplish that result, the employment must also be 'not in the usual course of trade, business * * * or occupation of his employer'." *Comerford v. Carr, supra.* See, also, *Lackey v. Industrial Commission,* 80 Colo. 112, 249 Pac. 662; *Hoshiko v. Industrial Commission,* 83 Colo. 556, 266 Pac. 1114; *Royal Indemnity Co. v. Industrial Commission,* 105 Colo. 25, 94 P. (2d) 697, and 71 C.J. 441, 442.

That Timmer was not an independent contractor is shown by the tests set forth in *Industrial Commission v. Hammond,* 77 Colo. 414, 236 Pac. 1006. The Utah case, upon which the employer relies—*Rockefeller v. Industrial Commission,* 58 Utah 124, 197 Pac. 1038—is distinguishable from the case at bar both on the facts and the statute.

■■ The apparently harsh order of the commission for compensation was due largely to the penalty of fifty per cent imposed under the statute .for failure to carry compensation insurance. Courts have no discretion in the imposition of this. *Flick v. Industrial Commission,* 78 Colo. 117, 239 Pac. 1022; *Index Mines Corporation v. Industrial Commission,* 82 Colo. 272, 259 Pac. 1036; *Connell v. Continental Casualty Company,* 87 Colo. 573, 290 Pac. 274. Kamp had been in business for at least twelve years at the time of the accident, and he created the situation which made the penalty applicable. Nor can we say as a matter of law that the commission's requirement of a $1,500 bond to insure the payment of compensation and medical expenses was unreasonable under section 330, chapter 97, supra.

■ The fact of claimant's pre-existing condition of arthritis and its being a contributing factor to his disability does not preclude payment of compensation. *Allen v. Gettler,* 94 Colo. 528, 30 P. (2d) 1117; 71 C.J. 614. Determination of the extent of permanent disability was specifically reserved by the commission for further hearing, hence we do not consider it.

■ Under the circumstances we do not feel that the conclusions reached by the commission were unreasonable as a matter of law. The possibility that we might have arrived at a different conclusion on the facts would not in itself justify us in disturbing the findings of the commission or the judgment in the case.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.