## No. 16,606.

### Neely-Towner Motor Company et al. v. Industrial Commission et al.

(230 P. [2d] 993)

Decided April 23, 1951.

Mr. Duane O. Littell, for plaintiffs in error.

Messrs. Bennett & Heinicke, for defendant in error Fontana. Mr. Duke W. Dunbar, Attorney General, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act. Mike Fontana, the claimant, on March 16, 1950, sustained injuries when he fell from a building being constructed on the property of plaintiff in error, Neely-Towner Motor Company. He was awarded compensation

by the Industrial Commission; the award was sustained by the trial court, and the cause is presented here for review by writ of error. Plaintiffs in error contend that the judgment should be reversed and claimant's award for compensation set aside for two reasons: (1) That claimant is an independent contractor and not an employee of the Motor Company; and (2) even though he is an employee, he is a "casual" employee and not within the provisions of the act.

Section 288 (b), as amended, S.L. '47, pages 638, 639, provides: "The term 'employee' shall mean and include: (b) Every person in the service of any * * * private corporation, * * * under any contract of hire, express or implied, * * * but not including any persons * * * whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

The order of the referee, which was approved and adopted by the commission and affirmed by the trial court, recited:

"Respondent employer is and for a number of years last past has been engaged in the operation of a used car lot in the City of Colorado Springs. Feeling the need of an office from which to transact its business the company caused plans to be drawn for a two-room building. It then contacted claimant, whom it was advised was a suitable person to undertake such a task, and submitted its building plans. The company elected to and did employ claimant on an hourly basis, rather than to enter into a contract for a definite amount, to perform part of the work of the proposed structure. Other parts such as carpentry, plumbing, glazing, glass brick laying etc., were to be done by others under contract. The company was to furnish all materials and pay claimant for his services at the rate of $1.75 per hour. Claimant was to keep track of the number of hours he worked. Claimant was also to furnish a helper whom the company would and did pay at the rate of $1.25 per hour. Claimant

testified, and his testimony was not controverted, that as the work progressed the plans were deviated from as directed by the company's representative in charge.

"On May 16, 1950, ten days after commencing said work, claimant fell approximately ten feet from the roof suffering injury to his back which prevented him from continuing with the construction. He is still temporarily and totally disabled and whether or not he has sustained any permanent partial disability cannot now be determined. After claimant's injury respondents employed another individual at $1.75 per hour to complete the work which claimant was unable to do because of his injury.

"Respondent contends that claimant is not entitled to compensation benefits on the grounds: (1) That claimant's employment was casual and not in the usual course of trade, business or profession of the employer. (2) That he was an independent contractor. Only the latter point is considered in the brief.

"The referee finds that claimant's employment was not casual within the meaning of Section 9 (b) [288 (b)] of the Workmen's Compensation Act. The Referee is of the opinion and so finds that claimant was an employee of respondent employer and was not an independent contractor. His average weekly wage was $84.00."

The Company contends, with reference to section 288 (b), that claimant is an independent contractor, not an employee, and in any event if he should be construed to be an employee that he is a "casual" one and not entitled to the benefits of the act.

In this respect the commission found that the company "did employ claimant on an hourly basis, rather than to enter into a contract for a definite amount to perform part of the work of the proposed structure. * * * The Company was to furnish all materials and pay claimant for his services at the rate of $1.75 per hour. Claimant was to keep track of the number of hours he worked. * * * That claimant's employment was not casual within

the meaning of section 9 (b) [288] of the Workmen's Compensation Act" and that "claimant was an employee of respondent employer and was not an independent contractor."

A review of the evidence convinces us that the above findings were substantially supported by credible evidence; that under the following authorities claimant is an employee within the purview of section 288 (b); and that he was employed in the usual course of business of his employer. *Industrial Commission v. Bonfils*, 78 Colo. 306, 241 Pac. 735; *Lackey v. Industrial Commission*, 80 Colo. 112, 249 Pac. 662; *Moshiko v. Industrial Commission*, 83 Colo. 556, 266 Pac. 1114; *New Jersey Company v. Patterson*, 86 Colo. 580, 284 Pac. 334; *Comerford v. Carr*, 86 Colo. 590, 284 Pac. 121; *Industrial Commission v. Moynihan*, 94 Colo. 438, 32 P. (2d) 802; *Skaggs Co. v. Nixon*, 97 Colo. 314, 50 P. (2d) 55; *Royal Indemnity Co. v. Industrial Commission*, 105 Colo. 25, 94 P. (2d) 697; *Whitney v. Mountain States Co.*, 106 Colo. 184, 102 P. (2d) 743; *Deline v. Industrial Commission*, 108 Colo. 351, 116 P. (2d) 916; *Kamp v. Disney*, 110 Colo. 518, 135 P. (2d) 1019; *Maley v. Martin*, 111 Colo. 545, 144 P. (2d) 558.

We conclude and hold that claimant is an employee, and that he is neither a contractor nor a casual employee within the meaning of the Workmen's Compensation Act.

The judgment is affirmed.