GLADYS DE CASTRO DE GUZMÁN, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent. EZEQUIEL AVILÉS MÉNDEZ, Injured Workman.

No. 442.   Argued June 1, 1951.—Decided June 18, 1951.

*César A. Montilla* for appellant.   The injured workman did not appear.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Relying on the provisions of § 15 of Act No. 45 of 1935 (Sess. Laws, pp. 250, 292), as amended by Act No. 162 of May 14, 1943 (Sess. Laws, pp. 524, 554), Ezequiel Avilés Méndez appeared before the Industrial Commission of Puerto Rico on September 19, 1950, with a petition for compensation in which he alleged in brief that on August 13 of said year he had a labor accident in San Juan while working for the employer Gladys de Castro de Guzmán. The accident consisted, according to him, in a severe blow he received in his left hand and forearm upon falling off a truck he was loading with debris.   On that same day the

Commission rendered a decision ordering the Manager of the State Fund to provide Avilés Méndez with adequate treatment, if necessary, and that said decision be notified to the employer in order that she could file within 10 days whatever allegation she deemed convenient. The appellant appeared in writing before the Commission within the term given her and alleged that she operates and runs a beauty parlor business on the first floor of a building which she owns in No. 252 Cruz Street, San Juan; that on said day she temporarily utilized the services of a truck belonging to Juan Matos, in order to remove and transport from the second story of the building certain lumber; that she engaged the services of that vehicle and its driver as well as the services of two helpers, Avilés Méndez among them, through one of her regular employees, and that the only work assigned to them was exclusively the transportation of the lumber during the day, for which work the sum of $8 was agreed and paid to Juan Matos for the use of the truck and $2 to each of the aforesaid helpers; that Avilés Méndez' work was of a temporary nature, having worked for her solely and exclusively on said day, without having ever before or afterwards been her regular employee, neither in the beauty parlor business, nor in any other business, and that the work performed by Avilés Méndez is not comprised within her business or trade; and that said worker was hired to do that work for a lump sum to be paid to him at the proper time; and she denied being engaged in the operation of a transportation business, construction work, or any other business other than the one already mentioned.

Upon the case being called for public hearing before the Commission on January 15, 1951, the parties appeared and through their respective attorneys stipulated:

"    .        .        .        .        .        .        .

"5. That the second and third stories of this building are used exclusively as private residences.

"6. That when this second floor was vacated, the employer

had her regular employee, Gracimiano Santiago, remove certain rubbish and lumber which were piled up somewhere in this second floor. That the employer ordered her employee Gracimiano Santiago to obtain the services of some truck in order to remove on Sunday, August 13, 1950, the debris from said second floor and throw it away.

"7. Gracimiano Santiago hired Juan Matos to take said rubbish away in a truck on said Sunday agreeing to pay him eight dollars ($8.00) for that work.

"8. That Juan Matos brought two helpers named Benicio Ayala and Ezequiel Avilés, and that on said Sunday morning, the three workmen, Juan Matos, Benicio Ayala, and Ezequiel Avilés removed the lumber and rubbish, for which work Benicio Ayala was paid two dollars ($2.00) and Ezequiel Avilés was also paid $2 for said day.

"9. That Ezequiel Avilés had never worked for the employer, neither prior nor subsequent to Sunday, August 13, 1950.

"10. It is accepted that on Sunday, August 13, 1950, the workman suffered an accident or a fall while doing the work for which he had been hired.

"11. That the employer is not engaged nor was she engaged at the time of the accident in the transportation business or construction work, specifically on the second floor of said property, and that she has no other business except the beauty parlor established on the first floor of said property, and the academy or school which is also on said first floor.

".      .      .      .      .      .      ."

On January 23 following the Commission rendered a lengthy decision in which it stated, among other things, that "undoubtedly this accident is not interrelated with the business which the employer has on the first floor of her building, but it did happen in the rental or lease business or enterprise which the employer had on the other floors of the same building, and in connection with this business, we can not consider the employment of this workman, at the time when he was injured, as of a mere temporary nature to deprive him of the right to compensation pursuant to the provisions of § 38 of the Workmen's Accident Act." The Commission ended saying that ". . . we deem that in this

case the workman was injured in the course and as a consequence of one of the businesses which the employer operates in her building . . . wherefore the employer was obliged to carry insurance with the State Fund against these accidents, and failed to do so . . ." It ordered, therefore, the Manager to liquidate the case pursuant to the law and to collect from the employer, after liquidation, the amount of the compensation which might correspond to the workman for said accident, as well as the administrative expenses incurred in the case. Reconsideration was timely sought but the motion was overruled.

To review said decision we granted a writ of review on March 5 last. The appellant bases her appeal mainly on two findings of fact which in her judgment are not supported by the stipulation submitted by the parties at the hearing and without, in her judgment, there existing legal and competent evidence in support thereof, to wit: (a) that the employer in this case devoted the second and third floors of the property in which the accident occurred to private residences; and (b) that the employer operated or had a rental or lease business or enterprise on the second and third floors of the building in question.

Section 38 of Act No. 45, *supra*, essentially provides:

"*Workman* or *employee* shall be understood to mean any person in the service of any individual, partnership, or corporation *regularly* employing workmen included under the provisions of this Act; *Provided,* That workmen and employees engaged in domestic service, *those whose work is of a temporary nature and is not included under the business, industry, profession, or occupation,* those who work in their homes, and those whose employers are exempt from the obligations imposed by this Act are *expressly excluded.*" (Italics ours.)

Thus, it is not enough, pursuant to the clear context of the Act, that the work performed by the injured workman be merely of a temporary nature in order for the accident

not to be covered by the Workmen's Accident Compensation Act. The work, therefore, must not only be of a temporary nature, but also it must "not [be] included under the business, industry, profession, or occupation," of the employer. That Section uses the copulative conjunction "and" and not the disjunctive "or." That is why the concurrence of both requisites is essential in order for the accident to fall within the exception. That is our construction of our statute and that is also the interpretation given in the Continent to statutes identical with ours. See *Sherlock* v. *Sherlock*, 201 N. W. 645; *Lackey* v. *Industrial Commission*, 249 Pac. 662; *Gardner* v. *Trustees of Main Street*, 250 N. W. 740; *Hoshiko* v. *Industrial Commission*, 266 Pac. 1114; *Sears, Roebuck & Co.* v. *Pixler*, 192 So. 617; *J.P.O. Sandwich Shop* v. *Papadopoulos*, 13 N. E. 2d 869; *Colosimo* v. *Giacomo*, 273 N. W. 632; *Holden* v. *Beebe Fuel Co.*, 21 N. E. 2d 874; *Bates* v. *Nelson*, 38 N. W. 2d 631; *Amundsen* v. *Poppe*, 34 N. W. 337.

In the case at bar there is not the least doubt that the work which Avilés Méndez was doing when he suffered the accident was of a temporary nature. However, as according to the stipulation the second and third floors of the aforesaid building are devoted to private residences, we must determine whether the devoting of those floors for rental purposes is equivalent to the operation of a business or industry. If it is not, the case would fall within one of the exceptions specified in § 38.[1]

A case strikingly similar to the case at bar is *Summerville* v. *Industrial Commission*, 196 P. 2d 718, decided by the Supreme Court of the State of Utah on August 3, 1948. As appears from the opinion delivered in said case, the defendant Ina Cook owned and operated a coffee shop, and also owned a building about one mile away, which she had rented. The building being in need of repair, Mrs. Cook

---

[1] The question whether Juan Matos, the owner of the truck, was an independent contractor or not was not raised here. Nor whether the employer utilized at the time of the accident less than three workmen.

engaged the plaintiff and another person to make the repairs. While the repairs were being made, a small piece of metal injured the eye of plaintiff, and the corresponding action was then instituted. The statute of Utah is drawn in identical terms with ours and the Supreme Court thereof decided that although it is true that the property upon which plaintiff was working when he was injured was rental property, there was nothing in the record to indicate that Mrs. Cook spent any substantial portion of her time in managing or operating that property, deciding likewise that such rental was not part of her trade or business within the meaning of the statute. It cited innumerable cases in support of its conclusion. Said court went on saying that it must not be understood that it decides that the owning and operation of real estate for rental purposes may not, in some instances, be a business within the meaning of the Workmen's Compensation Act; and that its holding is limited to the facts of the case, *i. e.* that where a person owns one piece of real estate which he rents out to tenants, but does not either personally or by agent devote a substantial amount of time to the operation or management of such property, the renting of such property does not constitute a business within the meaning of the Act. See also *Kaplan* v. *Gaskill*, 187 N. W. 943; *La Grande Laundry Co.* v. *Pillsbury*, 161 Pac. 988; *Sink* v. *Pharaoh*, 212 N. W. 192; *Setter* v. *Wilson*, 37 Pac. 2d 50; *Jackson* v. *Cathcart & Maxfield*, 277 N. W. 22; *Ford* v. *Industrial Accident Commission*, 200 Pac. 667; *Lauzier* v. *Industrial Accident Commission*, 185 Pac. 870; Annotation in 50 A.L.R. 1176 *et seq.*, and Schneider's, Workmen's Compensation, Vol. 2, Permanent Edition, p. 104. We agree with the view above stated and decide that even accepting that the fifth clause of the stipulation may be construed as meaning that the petitioner was engaged in renting out the second and third floors of her building, that is not tantamount to operating a business within the meaning and scope of § 38, *supra*. Nor could it be held that it constitutes an

**628**

industry, profession, or trade. Therefore since the work performed by the worker in this case was of a temporary nature and as such work is not comprised within the business, industry, profession, or occupation of the appellant, the accident is not comprised within the aforesaid Workmen's Accident Compensation Act.

The decision appealed from will be reversed and the petition filed by the workman dismissed.

Mr. Justice Snyder concurs in the result.