**Barbara E. BROGGER, Petitioner,**

v.

**John KEZER, Director, the Industrial Commission of Colorado and Mike Baca, Richard J. Wise, and Harvey L. Rubenstein, as Members of the said Industrial Commission, General Insurance Company, Safeco Insurance Company, James J. Brogger and Associates, Incorporated, Respondents.**

No. 80CA0448.

Colorado Court of Appeals, Div. I.

Dec. 4, 1980.

Rehearing Denied Dec. 26, 1980.

Certiorari Denied April 6, 1981.

George J. Francis, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondents, Industrial Commission of the State of Colo., John Kezer, Director, Mike Baca, Richard J. Wise, Harvey L. Rubenstein, as Members of said Industrial Commission.

Hall & Evans, Frederic A. Ritsema, Robert W. Harris, Denver, for respondents, General Ins. Co., Safeco Ins. Co. and James J. Brogger and Associates, Inc.

COYTE, Judge.

Claimant seeks review of the Industrial Commission's denial of her claim for workmen's compensation. We set aside the order.

The following facts are undisputed.

Claimant and her husband were the principal officers of a corporation, James J. Brogger and Associates (Employer), which does engineering work. They maintained the company office in their home. Payment on the mortgage of the house was made in part by the claimant and her husband, personally, and in part by the employer-corporation. Mr. Brogger and claimant had owned other properties in which they had lived and maintained an office. As the office of the company had moved to various locations, claimant's duties included painting, varnishing, cleaning, and maintenance work, in addition to secretarial duties, and "anything pertaining to running a consulting engineering firm." In the spring of 1977, claimant and her husband decided that their home/office needed to be repainted to appear more attractive to customers who were occasionally entertained on the

patio attached to the rear of the house. While painting on the rear of the house, claimant fell from a ladder and was injured.

The Commission found that: "[T]he painting of the second story at the rear of the home is primarily related to the need for maintenance of the home and only incidentally if at all to the business conducted from the home." The Commission concluded that claimant's injury did not arise out of and in the course of her employment. Based as it is upon undisputed facts we can, and do, reject this conclusion as not binding upon us. *See Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976).

An employee is entitled to workmen's compensation benefits where, *inter alia*, at the time of the injury the employee is performing service arising out of and in the course of his employment. Section 8–52–102(1)(b), C.R.S.1973 (1979 Cum.Supp.).

In determining whether an injury has arisen out of and in the course of employment, the central inquiry is whether it is apparent:

"from the circumstances attendant upon claimant's injury that the cause was employment-related and that the time, place, and circumstances of the injury were not so remote from the purposes of his employment that the act in which he was engaged when injury occurred must be considered one for the benefit of claimant only." *Deterts, supra.*

■ Thus, the test is not whether the benefits to the employer are incidental or primary, but whether the acts of the employee at the time of the injury were solely for his own benefit. If the acts were for his sole benefit then his injury does not arise out of his employment.

■ Here, in light of the undisputed evidence that the company office was in claimant's home, and that the home was used to entertain customers, the finding of the Commission that there was no benefit to the employer from the work being performed by claimant at the time of her injury is not supported by the evidence and must be rejected. *See Martinez v. Industri-*

*al Commission*, 32 Colo.App. 270, 511 P.2d 921 (1973). Consequently, the injury did arise out of claimant's employment and is compensable.

The commission also erred in concluding that the injury was not in the course of the employer's business.

■ It is true that § 8–41–106(1)(b), C.R. S.1973, excludes from the definition of "employee" any person "whose employment is but casual and not in the usual course of the trade, business, profession, or occupation of the employer." However, both conditions, casualness and course of business, must exist for the exclusion to apply. *Heckman v. Warren*, 124 Colo. 497, 238 P.2d 854 (1951). And, for the employee's work to be in the usual course of the employer's business, it must merely be "of the kind required in the employer's business and in conformity with his established scheme or system of doing business, ..." *Heckman, supra.*

■ Here, the maintenance of the home which served as the company office and was used for entertaining customers was a necessary facet of the employer's business, and thus, the statutory exclusion was not applicable to claimant. *See Royal Indemnity Co. v. Industrial Commission*, 105 Colo. 25, 94 P.2d 697 (1939). Hence, the conclusion of the Commission that the painting in which claimant was engaged when injured was not in the course of her employer's business is not supported by the record.

Consequently, we reject both conclusions upon which the Commission based its denial of benefits, *see Deterts v. Times Publishing Co., supra*, and instead, conclude that claimant qualified for disability benefits.

The order of the Industrial Commission is set aside and the cause is remanded for such hearing as may be necessary and the issuance of a new order awarding appropriate benefits.

PIERCE and RULAND, JJ., concur.