No. 14,911.

INDUSTRIAL COMMISSION ET AL. *v.* DOWNING.

(113 P. [2d] 869)

Decided April 7, 1941.    Rehearing denied May 26, 1941.

Mr. BYRON G. ROGERS, Attorney General, Mr. DEAN JOHNSON, Assistant, Mr. GAIL L. IRELAND, Attorney General, Mr. M. M. STERLING, Assistant, Mr. Henry H. CLARK, Mr. ROBERT C. NELSON, for plaintiffs in error.

Mr. GEORGE M. GIBSON, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

THIS is a workmen's compensation case. The judgment before us for review is one entered by the El Paso County district court, reversing the findings and decision which the Industrial Commission had entered denying a supplemental claim.

On February 16, 1935, the claimant Silas A. Downing, defendant in error here, had sustained a compensable injury in the course of and arising out of his employment by the Olson-Benbow Plumbing and Heating Company, Inc. Compensation for twenty weeks' temporary total disability, determined by the Industrial Commission upon due hearing at the time, had been promptly paid. The claimant had resumed work August 6, 1935, and continued in this same employment about four years.

In the latter part of 1939 the claimant applied to the Industrial Commission for an additional award of compensation, alleging that a severe mental illness had developed as a direct result of the 1935 accident.

A hearing was thereupon held by the commission. The testimony of two medical experts of high standing was taken, and on clearly conflicting evidence the commission decided that the 1939 condition was in no way the result of the original accident. This is the decision reversed at the instance of the claimant by the district court, which in its findings and judgment came to a conclusion contrary to that of the commission, on the ground that the commission's decision was not supported by any competent evidence. From the district court the commission, the employer and the insurance carrier brought the case here as plaintiffs in error.

■ The Industrial Commission is of course the fact-finding body in every workmen's compensation case. The record before us shows that the testimony of the experts was full, frank and free from legal objection, and disclosed sharp differences of opinion as to whether the later condition was due to the accident of over four years earlier. The commission's findings are binding

both upon the trial court and upon this court as the reviewing tribunal. Had the commission rendered its decision the other way, the courts would similarly have been bound thereby.

The judgment of the district court must therefore be reversed, and the case remanded with directions to return the files to the commission in order that the latter's decision may be given due force and effect.

Judgment reversed with directions.

MR. JUSTICE BAKKE and MR. JUSTICE OTTO BOCK concur.

MR. JUSTICE HILLIARD not participating.