No. 19,326.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
PETRONELLA KLACZKOWSKI.
(360 P. [2d] 104)

Decided March 13, 1961.

12

Messrs. McComb, Zarlengo and Mott, for plaintiffs in error Sisters of Charity of Cincinnati, Ohio, and Hartford Accident and Indemnity Co.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. Louis J. Stuart, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Hall.

On September 3, 1957, the defendant in error, herein referred to as claimant, filed her claim for compensation for injuries to her back claimed to have been suffered on July 2, 1957, while employed as a dishwasher at St. Mary's-Corwin Hospital in Pueblo, operated by the Sisters of Charity of Cincinnati, Ohio. She claims her injuries were incurred as the result of an accident arising out of and during the course of her employment when she undertook to lift a heavy tray.

Several hearings were had before a referee of the Industrial Commission, at the close of which the referee made findings of fact and entered an order denying compensation.

The pertinent portions of the findings are as follows:

"The Referee finds from the evidence that at the time claimant came to work on July 2, 1957, she complained to her fellow employee and supervisor that her back

hurt. This complaint was made while she was putting on her apron and before she began work. She worked throughout the day until 2:30 P.M. without any complaint and returned for the evening shift about 6:00 P.M., when she made her first complaint about her back accident and told the supervisor she 'thought she caught cold from a fan.' She made no complaint of an accident, injury or a fall.

"Under cross-examination the claimant did state that she thought the pains were due to the draft from a fan.

"The Referee believes, and so finds, that claimant has failed to maintain the burden of proof that she sustained an accidental injury to her back in an accident arising out of and in the course of her employment and, on the contrary, that her condition pre-existed the date of July 2, 1957, and was neither caused nor aggravated by the alleged lifting of a tray for silverware and dishes."

The commission entered a final order wherein the finding of the referee was:

" * * * approved, affirmed and adopted as the Order of the Commission herein."

Claimant thereupon instituted this action in the district court to review denial of her claim by the commission.

On November 27, 1959, judgment was entered in favor of the claimant, the court making elaborate findings of fact in direct conflict with the findings of the referee and the commission, and:

" * * * ORDERED, ADJUDGED AND DECREED that the award of the Industrial Commission of the State of Colorado be set aside, vacated and reversed and that judgment be entered in favor of the plaintiff for her relief as demanded in her complaint."

▆▆▆ The commission, the employer and its insurance carrier are here by writ of error challenging the judgment of the trial court and seeking reversal.

C.R.S. '53, 81-14-12, provides:

"Causes for setting aside award. — Upon such hearing,

the court may affirm or set aside such order or award; but only upon the following grounds:

"(1)   That the commission acted without or in excess of its powers;

"(2)   That the finding, order or award was procured by fraud;

"(3)   That the findings of fact by the commission do not support the order or award."

The authority of the district court being so limited, it was in error in substituting its own findings of fact for those of the commission.

Review of the testimony presented at the hearing before the referee leads inescapably to the conclusion that the findings of fact made by the commission are well supported by competent evidence and are ample to support the award of the commission.

In *Industrial Com. v. Downing,* 108 Colo. 76, 113 P. (2d) 869, it was held that the Industrial Commission is a fact-finding body in every workman's compensation case and its findings, based upon conflicting evidence where such evidence is sufficient to support the findings, are binding upon the courts. Following this established rule in the case of *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P. (2d) 281, this court reversed the judgment of the trial court, and in so doing used the following language which is applicable in the case before us:

"The trial court at considerable length in a written opinion, reviewed the evidence, commented upon the exhibits and nature of the testimony, and elaborately expressed its views as to the nature of the testimony and evidence. It made no finding of any error or mistake on the part of the commission or in the record, but flatly disagreed with the commission's findings as to the effect of the evidence before that body, and substituted its own finding for the commission's finding and award. On this review no other question is presented.

" * * * The matter of determining the probative effect of evidence in such cases, where there is a conflict, still

remains exclusively with the commission where there is evidence for its consideration or from which it could draw a reasonable inference. In numerous cases we have said that the Workmen's Compensation Act precludes courts from passing upon the evidence in such cases and we have refused to change awards of the commission which were supported by the evidence, even though we, like the district court in this case, may have reached a conclusion differing from that of the fact finding body." See, also, *Zuzich v. Leyden Co.*, 120 Colo. 21, 206 P. (2d) 833, and cases cited therein.

The judgment is reversed and the cause remanded to the trial court with directions to affirm the award of the Industrial Commission denying compensation.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.