No. 20,633.

John Wesley Bowlus *v.* Industrial Commission of
Colorado, and Ralph E. Farrington, Sr., et al.,
as Yampa Transfer.
(383 P. [2d] 789)

Decided July 15, 1963.

Mr. L. F. Butler, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter C. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

Messrs. Mellman, Mellman & Thorn, for defendants in error Ralph E. Farrington, Sr., and Ralph E. Farrington, Jr., d/b/a Yampa Transfer.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

Plaintiff in error, John Wesley Bowlus, hereinafter called Bowlus, was employed as a truck driver by defendants in error Farrington, doing business as Yampa Transfer, hereinafter called Yampa.

On July 24, 1960, Bowlus, while hauling a load of cattle in the course of his employment, was injured when a truck he was driving for Yampa went off the highway on Gore Pass. Bowlus filed a claim with the Industrial Commission for workmen's compensation. Yampa carried no insurance coverage under the Act nor had it rejected the provisions of the Workmen's Compensation Act. It contended that it was not an employer as defined by the Act and alleged that it had never employed four employees at the same time.

In August of 1961 a hearing was held to determine the issue of whether Yampa was an employer under the Act. At the close of Bowlus' case the referee dismissed the claim on the grounds that Bowlus had failed to prove that Yampa had ever employed four or more employees. This order was affirmed, adopted and approved by the Industrial Commission and became the final award of the Commission. On review, the district court affirmed the award and Bowlus is here on writ of error.

The provisions of the Workmen's Compensation Act pertinent here are as follows:

C.R.S. '53, 81-2-6 — *Employer.* — The term 'employer' shall mean and include:

"* * * (2) Every person, association of persons, firm and private corporation, including any public service corporation, personal representative, assignee, trustee or receiver, who has four or more persons engaged in the same business or employment, except as otherwise expressly provided in this chapter, in service under any contract of hire, express or implied, and who, at or prior to the time of the accident to the employee for which compensation is claimed under this chapter, has elected to become subject to the provisions of this chapter, and who shall not, prior to such accident, have effected a withdrawal of such election in the manner provided in this chapter."

C.R.S. '53, 81-2-7 — *"Employee.* — The term 'employee' shall mean and include:

"* * * (2) Every person in the service of any person, association of persons, firm, private corporation . . . but not including any persons who are expressly excluded from this chapter or whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

1960 Perm. Supp., C.R.S., Sec. 81-4-1 Presumption of acceptance — election — * * *

"(1) Every employer of four or more employees, not including private domestic servants and farm and ranch laborers, engaged in a common employment, shall be conclusively presumed to have accepted the provisions of this chapter, unless, prior to the date such employer becomes the employer of four or more persons, he shall have filed with the commission a notice in writing to the effect that he elects not to accept the provisions of this chapter or unless said employer has rejected the provisions of the workmen's compensation act of Colo-

538

rado in conformity with the provisions of said act as heretofore existing."

■ This Court has interpreted these provisions to mean that whenever one has four or more employees engaged in the same business or common employment at the same time, he automatically becomes subject to the provisions of the Workmen's Compensation Act and can withdraw therefrom only in the manner prescribed by the statute, even though the employer has at all times thereafter less than four employees. *Kamp v. Disney*, 110 Colo. 518, 135 P. (2d) 1019; *Comerford v. Carr*, 86 Colo. 590, 284 Pac. 121. Under this rule, if Yampa ever employed four or more employees at the same time in its business, it would be subject to the provisions of the Act.

■ The issue before us is solely whether the evidence presented by Bowlus required a finding as a matter of law that Yampa employed four or more employees at the same time in a common employment, for we have often stated the rule in this jurisdiction to be that the findings of the Commission with respect to issues of fact will not be disturbed by this Court unless the evidence presented to the Commission compels a contrary finding as a matter of law.

Bowlus himself testified that Yampa never employed four employees at the same time during the period he worked there. Ralph Edward Farrington, one of the owners of Yampa, testified that he could not recall ever having employed four men at the same time. The only testimony tending to establish that Yampa ever employed four men at the same time was given by one Hassig, a former employee of Yampa. He stated that he recalled that on one day in the fall of 1959 there were three other employees besides himself. On cross-examination he testified that he and three other drivers all left Yampa at the same time. He could not remember the date, he did not know where the other drivers loaded or unloaded their trucks, and he did not know

whether his employer, Farrington, drove one of the trucks on that date.

In *American Mining Co. v. Zupet,* 101 Colo. 238, 72 P. (2d) 281, it was said:

" * * * The matter of determining the probative effect of evidence in such cases, where there is a conflict, still remains exclusively with the commission where there is evidence for its consideration or from which it could draw a reasonable inference. * * * "

See also *Industrial Commission v. Klaczkowski,* 146 Colo. 11, 360 P. (2d) 104.

The referee saw and heard the witnesses and was in a position to evaluate their testimony. The Commission approved and adopted the finding of the referee. We cannot substitute our opinion for that of the Commission where the evidence warrants the conclusion it reached, even though we may have reached a different conclusion were we the triers of the fact.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.