No. 23330.

Industrial Commission of Colorado, State Compensation Insurance Fund, and J. L. Williams *v.* George A. Seastone.

(448 P.2d 963)

Decided January 13, 1969.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Harold Clark Thompson, Alious Rockett, Francis L. Bury, Feay B. Smith, Jr., for plaintiffs in error J. L. Williams and State Compensation Insurance Fund.

Myrick, Criswell and Branney, John A. Criswell, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

The defendant in error, George A. Seastone, is the claimant in a workmen's compensation case. He was a carpenter by trade. While operating an electric saw he severely cut his left hand thereby causing him to lose one finger and so damaged the tendons that he has no use of the ring and long finger and only limited use of the index finger and thumb. Liability was admitted by the employer and the State Compensation Insurance Fund, hereinafter referred to as the Fund.

The controversy which has resulted in more than five years of litigation arises out of the means used by the Commission in fixing the amount of the plaintiff's compensation and the action of the trial court in remanding the matter to the Commission on three different occasions.

The award was originally made on a special admission of liability filed by the Fund and based on the report of one of claimant's attending surgeons. That report stated:

"Patient's disability is *limited to his left hand at the wrist level.* He has loss of the 5th finger with deep scar across palm to thumb. He has loss of flexor tendon to the ring and long fingers and flexion of these fingers only by lumbricales and interossei. The index finger is in a position of function and has a range of 20° at the Metacarpal phalangeal joint. He has slight flexion motion in the thumb with some apposition to the index finger. Sensation is impaired in all fingers especially the thumb. Apposition of the thumb to the index finger is the only motion remaining in the hand. 90% disability at the wrist." (Emphasis added.)

Claimant's counsel, in a letter to the Commission, agreed that "claimant's functional disability from a medical standpoint is 90% loss of the left hand at the wrist." The claimant protested the award on that basis and asked the Commission to find that claimant was disabled as a working unit because of his age, education and experience. The Commission thereupon set the case for hearing, and after the taking of medical testimony which the Commission characterized as conflicting — and we agree that it was — entered an order determining the compensation on the basis of 90% loss of the left upper extremity measured at the wrist. In addition, it ruled that claimant's claim for an award on a working unit basis be denied.

After the claimant had lodged his appeal in the district court, the Commission attempted three times there-

after to enter orders which would comply with the specific mandates of the trial court. Finally, on the third occasion, it entered a supplemental order which in pertinent part reads as follows:

"It is obvious from a review of the testimony in this case that the evidence is in conflict with respect to the degree of the claimant's disability resulting from his accident of November 19, 1963, and that in view of the evidence in the record this case could be rated in the discretion of the Commission under the provisions of 81-12-4, subparagraph 1(a), and subparagraph (7) under the specific schedule set forth in said subparagraph 1(a), or in the alternative, pursuant to the authority contained in subparagraph (7) of 81-12-4, the disability could be rated as a working unit under the provisions of Section 81-12-9.

"The Commission, therefore, having again considered the medical testimony; the claimant's testimony, and the testimony of other witnesses, finds as a fact that claimant's disability is 90 percent loss of the hand at the wrist; that his disability in fact is less than if he had had his hand amputated at the wrist; that his physical disability is limited to the results of the injury which he sustained to his left hand.

"The Commission therefore is of the opinion, and so finds, that this case should be rated under the specific schedule set forth in 81-12-4, subparagraph 1(a), as further modified by (7) thereof, and the Commission so further finds and determines, and therefore, in the exercise of the discretion vested in it by Subsection (7), 81-12-4 CRS, 1963, declines to rate the claimant as a working unit under the provisions of Section 81-12-9 CRS 1963, and it is accordingly so ordered."

The trial court thereupon entered judgment reversing the Commission and specifically ordered, among other things, that as a matter of law:

"* * * this claimant is entitled to a working unit disability by the Commission, and the Commission, under

the evidence presented, does not have the authority or discretion to '* * * decline to rate the claimant as a working unit * * *,' and the Commission is, therefore, ordered to rate the claimant as a working unit disability [sic], taking into consideration, in addition to the physical impairment of the claimant, his age, education and work history."

█ We hold that the trial court erred and by its order usurped the function of the Industrial Commission when it attempted to transfer to itself the functions and discretionary powers clearly granted by the law to the Commission.

It is the contention of the Fund that the award entered was and should be pursuant to C.R.S. 1963, 81-12-4 (6). The pertinent provision of that subsection reads: "* * * where the injury results in the loss or partial loss of use of * * * more than two digits of any one hand * * * the disability, in the discretion of the commission, may be compensated on the basis of the partial loss of use of said hand * * *, measured * * * from the wrist * * *."

Subsection 7 of the same section, also in pertinent part, provides:

"Where an injury causes the loss of use or partial loss of use of any member specified in the foregoing schedule, the commission may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for temporary disability, or the commission may award compensation under the permanent partial disability section of this statute as the commission in its discretion may determine from the particular facts in each case."

██ It is to be noted that there is no dispute on either side that the disability was limited to the loss of use of the left hand measured at the wrist. Thus, under

the above quoted sections the Commission is given discretion to grant a percentage award under the schedule or to rate the claimant under the working-unit disability section. The act in two places uses the phrase "in the discretion of the commission." Discretionary power, therefore, rests solely with the Commission, and a reviewing court may not interfere with the exercise of that discretion unless there is a clear showing of an abuse thereof. *Industrial Commission v. Cutshall*, 164 Colo. 240, 433 P.2d 765; *Bowlus v. Industrial Commission*, 152 Colo. 535, 383 P.2d 789; *Skinner v. Industrial Commission*, 152 Colo. 97, 381 P.2d 253; *University of Denver v. Johnston*, 151 Colo. 465, 378 P.2d 830; *Industrial Commission v. Klaczkowski*, 146 Colo. 11, 360 P.2d 104.

We are satisfied from a review of the record that the Commission did not abuse its discretion in this case. The record reveals, and the Commission specifically found, that one of the expert physicians testified that claimant had no physical disability other than that found in his left hand. Some of the pertinent testimony supporting the Commission's determination is as follows:

"Q. Doctor Preshaw, does Mr. Seastone still have some use of the hand?

A. Yes, he does.

Q. The left hand. Is he better off, or worse off than if the hand had been amputated?

A. He is better off.

Q. He is better off. So we would have had greater disability, in other words, in your opinion, if the hand had been amputated completely?

A. Yes.

✻    ✻    ✻

Q. From a strictly medical viewpoint, however, and disconsidering — and not considering any of the other factors, no other factors, the physical limitation which Mr. Seastone has is limited to the left hand at the wrist, is that not correct?

A. That is correct."

In view of such testimony we do not view the Commission's position, that claimant is better off than if he had lost his hand completely, as being an arbitrary ground for refusing benefits of the working-unit disability section. If claimant had completely lost his hand he could be compensated only under the schedule, and no discretion would be vested in the Commission. *See Hawkeye Company v. Tupper*, 152 Colo. 12, 380 P.2d 31, which precludes any other than a scheduled award when a complete loss of a member is involved.

The judgment of the district court is reversed and the cause is remanded with directions that the court vacate its orders and enter judgment affirming the award of the Commission.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.