Opinion by
Mr. Justice Pringle.
This is a workmen’s compensation case. The claimant, Russell Reese, injured his back on August 28, 1962, during the course of his employment as a steelworker. Surgery was required twice. To resolve the issue of permanent partial disability, the Industrial Commission *362 (hereinafter referred to as the Commission) held hearings on February 25, 1965, and March 23, 1965. The Commission found that Reese had sustained a permanent partial disability of 12% and entered an award accordingly.
Contending that his disability was greater than 12%, Reese sought review in the district court. The trial court concluded that the Commission acted in excess of its statutory authority to the extent that it found disability of less than 17%%, and therefore vacated the Commission’s award. The trial judge further directed the Commission to enter findings consistent with the written findings of fact and judgment of the court, and ordered that an award be entered based on those findings.
In this writ of error, the employer, the State Compensation Insurance Fund and the Commission contend (a) that the trial court exceeded its statutory authority; and (b) that the findings made by the Commission were supported by substantial evidence.
I.
The trial court found that the Commission acted without or in excess of its powers, and that its findings did not support the award. Upon making such a finding, a reviewing court may remand the cause to the Commission for further hearing or proceedings, or it may order the Commission to enter the proper award upon the findings, as the nature of the case shall demand. C.R.S. 1963, 81-14-16. Nowhere, however, do the statutes authorize the reviewing court to substitute its own findings for those made by the Commission.
In its order, the trial court commented extensively on the testimony heard by the Commission. Justifying its decision, the court stated that the Commission had “failed to correctly interpret Dr. Mitcheltree’s testimony, particularly his tacit admission that the degree of disability was then greater than ten per cent and his conjecture that plaintiff’s condition would improve with the passage of time.” On the basis of its re-evaluation of the testi *363 mony, the trial court concluded that the only evidence on which the Commission could base an award was the testimony of Dr. Steinhardt that the degree of disability was 17%%. As we have said, the court then ordered the Commission to enter a finding consistent with the court’s own evaluation of the testimony.
In view of the foregoing, we conclude that the trial court exceeded its statutory authority. On review, the court may consider only the legal question whether there is evidence to support the Commission’s findings, and not whether the Commission has misconstrued the probative effect of the testimony. Breit v. Industrial Commission, 160 Colo. 205, 415 P.2d 858. The statutes do not authorize a trial court to substitute its own findings of fact for those entered by the Commission. See Industrial Commission v. Klaczkowski, 146 Colo. 11, 360 P.2d 104.
II.
Although the trial court erroneously substituted its own findings of fact for those made by the Commission, it correctly concluded that the Commission’s findings were deficient.
In its various orders rendered in this case, the Commission actually made findings on only three points. In effect, the Commission found that as of March 11, 1965, Reese (a) had reached maximum improvement; (b) had reached the age of 52 years with a life expectancy of 22.03 years; and (c) that on the same date, Reese had a permanent partial disability of 12%. According to its order, the Commission “arrived at [the 12% figure] after due- consideration of the claimant’s age, education and experience and the claimant’s present occupation as a (■sic) • owner and operator of a trailer court.”
Two physicians testified during the hearing on March 23, 1965. Dr. Steinhardt had examined Reese on March 11, 1965, and testified that he had suffered 17%% permanent partial disability. The other physician, Dr. Mitcheltree, had estimated Reese’s disability at 10% on August *364 1, 1964, but added that on December 15, 1964, Reese was totally disabled. Dr. Mitcheltree testified that as of February 26, 1965, Reese was still disabled from following an occupation that required him to work eight hours a day. Although he frankly conceded that he could not rate Reese as of the date of the hearing, Dr. Mitcheltree testified that by early summer of 1965 Reese would return to his status as of August 1964, when his disability was rated at 10%.
To recapitulate, there was evidence before the Commission that on August 1, 1964, Reese had a disability of 10%. Less than five months later, and again on February 26, 1965, Reese was totally disabled. Less than two weeks before the hearing on March 11, 1965, Reese had a permanent disability of 17%%, according to one doctor, and an unratable disability that would become 10% by early summer, according to another doctor. Yet the Commission found that on the same date he had reached maximum improvement, and that his disability rating was on that date 12%.
Briefly, there is nothing in the record to indicate whether the Commission adjusted Reese’s disability downward from 17%%, or upward from 10%, because of claimant’s age, education and experience. Nor do we know what factors of the claimant’s age, education and experience were considered important and relevant to its decision by the Commission.
 As the Commission correctly points out, in determining partial permanent disability the Commission may take into consideration not only the manifest weight of the evidence, but also the general physical condition and mental training, ability, former employment, and education of the injured employee. 1965 Perm. Supp., C.R.S. 1963, 81-12-9. It is imperative, however, that when the Commission applies these items in determining an award that it make specific findings of fact showing what factors of those items it considered and how it applied them. A general recitation that the Com *365 mission had rated Reese’s disability at 12% after giving “due consideration” to age, education and experience will not fulfill the Commission’s duty to make sufficiently detailed findings of fact to enable the courts to determine whether the award was supported by the facts. The requirements for proper findings of fact have been detailed in Womack v. Industrial Commission, 168 Colo. 364, 451 P.2d 761.
The judgment is reversed and the cause is remanded to the district court with directions to remand the matter to the Commission to make findings of fact consistent with the views expressed in this opinion, and thereafter to enter an award.
Mr. Chief Justice McWilliams, Mr. Justice Kelley and Mr. Justice Groves concur.